## CRAIG *v.* SMITH.

1. Papers properly belonging to the files of a court should not be removed therefrom, except in cases of positive necessity. When, therefore, an appeal is taken, no order for transmitting such papers ought to be made, unless the actual inspection of them as originals is required to enable the appellate court to give them their just and full effect in the determination of the suit.
2. Where, on an appeal, papers have been improperly sent here, the order of the court below will be closely examined, to determine whether they are included in its terms.
3. Where, in a case involving the infringement and validity of letters-patent, the Circuit Court, on the allowance of an appeal from its final decree, directed its clerk to transmit with the transcript "the original exhibits, patent certificates, schedules, drawings, and models on file, along with and as part of the record and transcript," — *Held,* that certain affidavits sent here, but not copied into the transcript, although they had been filed as "exhibits" with the bill and the answer thereto, and by consent treated and read as deposi-

tions on the hearing below, cannot be considered here as proofs in the cause, as they are not embraced by the order, the purpose of which was to send what had been *exhibited* below, as contradistinguished from what had been *read*.

4. Allowing, under a bill of review, the introduction of newly discovered evidence to prove facts in issue on the former hearing rests in the sound discretion of the court, to be exercised cautiously and sparingly, and only under circumstances which render it indispensable to the merits and justice of the cause.

APPEAL from the Circuit Court of the United States for the District of Kansas.

The facts are stated in the opinion of the court.

The case was argued for the appellant by *Mr. Charles S. Whitman*, and for the appellee by *Mr. Matt. H. Carpenter.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Samuel F. Craig, the appellant, on the 2d of February, 1872, filed in the Circuit Court a bill in equity against Jacob Smith and George D. Hale, to enjoin them from using an improved well-tube, for which he claimed to have letters-patent from the United States bearing date June 11, 1867. They answered, attacking the validity of the letters-patent: 1, Because the patented invention had been described in a certain printed publication publicly circulated and distributed prior to his supposed invention; 2, because it had been anticipated by certain other persons whose names and places of residence were given; and, 3, because it had been in public use more than two years before the date of the alleged letters-patent. A replication to this answer was filed, and proofs were taken. The cause was heard June 5, 1873, and a decree entered sustaining the letters-patent, awarding an injunction, and ordering a reference to a master to take an account of profits. The master made his report Dec. 12, 1873, and on the same day leave to file a petition for rehearing within forty days was granted the defendants. This petition was filed Jan. 21, 1874, and set forth that since the hearing the defendants had discovered evidence of new and substantive facts which they had not been able to discover before, and which they were advised and believed were material and pertinent to the issues. This new matter was: 1, Letters-patent issued by the United States to Charles Batcheller, of Keene,

New Hampshire, as early as Dec. 12, 1865, for an invention alleged to be substantially like that of Craig; and, 2, an extensive prior knowledge and use during the years 1865 and 1866, in various places throughout the United States, of well-tubes in all material respects like that in dispute. The names and places of residence of twenty-five persons who had this prior knowledge of the thing patented, and who knew of its prior use, were given, and in addition affidavits of each one of these persons, showing what they knew and had seen, were attached to the petition as exhibits.

The petition further stated that the defendants were general hardware dealers at Topeka, Kansas, and in the course of their business sold the well-tubes claimed to be an infringement of Craig's letters-patent; that when the suit was commenced they employed counsel, naming him to conduct their defence; that, as they believed, he used due diligence in procuring evidence, but that notwithstanding his and their efforts they never really obtained any available clew to the facts until after the former hearing; that the patent to Batcheller was not found until September, 1873, and it was after that date when they actually ascertained that they could prove by the persons named the facts set out in the affidavits made exhibits; "that since the commencement of the suit, through all such likely sources as they could discover or were informed of, the said defendants have made persistent inquiry and search after the facts material and pertinent to the issues in said cause, but owing to the often uncertain character of their information, the scattered situation of the sources of information, and, withal, the delay and obstacles, not easily surmounted, which were necessarily attendant upon such inquiry and search, they wholly failed to discover any of the evidence herewith exhibited until long after the submission, hearing, and decree in said cause as aforesaid." Attached to the petition as an exhibit was an affidavit of the counsel showing his diligence in the premises. The petition was sworn to by one of the defendants.

On the 24th of January, 1874, a supplemental petition was filed, setting forth a considerable number of rejected applications for letters-patent for improvements in well-tubes, which, it was claimed, described the complainant's patented invention.

All the several applications were attached to the supplemental petition as exhibits. On the 13th of February, 1874, Craig asked and obtained leave until April 1, for the filing of counter-affidavits, and the defendants were allowed until May 1, for such further steps on their part as they should be advised were necessary.

To the petition and supplement Craig, on the 27th of April, filed his answer, insisting that the newly discovered matter was wholly inadmissible, in fact and in law, for the purpose of obtaining a rehearing, because it had all existed before the former hearing, and no sufficient reason was shown for the omission to procure it, and because it was cumulative only. He then denied that the patent to Batcheller anticipated his invention, and denied that the several persons named ever saw in use well-tubes like his before his letters-patent were granted. He then took up the several affidavits filed with the petition as exhibits, and gave his reasons in each case why they did not sustain the claims of the defendants. In addition to this, he produced a large number of counter-affidavits, which he attached and made exhibits to his answer.

On the 9th of June, the defendants filed a replication to the answer of Craig, and on the same day the following order was entered on the journal of the court : —

" This cause coming to be further heard on a petition of the defendants for a rehearing, and it appearing that the decree had been enrolled before the said petition for a rehearing was filed in this court, it is ordered by the court, the parties consenting, that the petition for rehearing stand as and for a bill of review, and that the answer to said petition stand as an answer to said bill of review, and that the replication stand as a replication to the said answer. It is further ordered by the court, upon the consent of the parties hereto, that the affidavits taken by the parties and filed herein stand and be treated as depositions, and as such be read on the hearing. And the said cause being submitted by the parties to the court on the original bill, answer, and replication, and the bill of review, answer, and replication thereto, and the proofs, exhibits, and drawings exhibited from the Patent Office, and models filed in the case, as well those used on the original bill, answer, and

replication as those taken and filed with the bill of review, answer, and reply, was taken under advisement."

At the next term, the bill of review was sustained, the original decree reversed, and the bill of the complainant dismissed with costs. At the same term, an appeal by Craig from this decree was allowed, and the following order made : —

"And it is ordered by the court that the clerk of this court transmit to the Supreme Court of the United States the original exhibits, patent certificates, schedules, drawings, and models on file, along with and as part of the record and transcript in this cause."

In making up the transcript of the record the clerk below omitted all the affidavits filed with the bill of review and answer thereto, and sent up the originals. In printing the record for the use of the court those affidavits were omitted, and the court declining to allow them to be used at the hearing on that account, the appellant moved that they be printed, and the hearing suspended until that could be done.

It is necessary to determine at the outset whether the affidavits which were attached as exhibits to the bill of review and the answer thereto, and brought here as original papers and not copied into the transcript, will be considered as part of the proofs in the case.

In the act of 1803 (2 Stat. 244), which first authorized appeals to this court in "cases of equity, of admiralty and maritime jurisdiction, and of prize or no prize," it was provided "that, upon such appeal, a transcript of the libel, bill, answer, depositions, and all other proceedings of what kind soever in the cause, shall be transmitted to the said Supreme Court; and that no new evidence shall be received in the said court, on the hearing of such appeal, except in admiralty and prize causes." Under this statute it was held, in the case of *The Elsineur* (1 Wheat. 439), that, where an inspection of original documents was material to the decision of a prize cause, this court would order the original paper to be sent up from the court below. This decision was made in 1816, and the next year the following rule was promulgated (2 Wheat. vii.) : "Whenever it shall be necessary or proper, in the opinion of the presiding judge in any circuit court, or district court exercising

circuit court jurisdiction, that original papers of any kind should be inspected in the Supreme Court on appeal, such presiding judge may make such rule or order for the safe-keeping, transporting, and return of such original papers as to him may seem proper, and this court will receive and consider such original papers in connection with the transcript of the proceedings." This rule, with some slight modifications, not at all important to the present inquiry, is still in force as par. 4, rule 8. In 1823, the following rule was adopted (8 Wheat. vi.): "No cause will hereafter be heard until a complete record shall be filed, containing in itself, without references *aliunde*, all the papers, exhibits, depositions, and other proceedings which are necessary to the hearing in this court." This rule is still in force as par. 3, rule 8. The statute law regulating this subject remained unchanged until 1864, when the "act to regulate prize proceedings and the distribution of prize-money, and for other purposes" (13 Stat. 306), was passed. Sect. 13 of that act provided for appeals in prize causes direct from the district courts, and for the transfer, on proper application, of causes then pending in the circuit courts to the Supreme Court. Then followed this language : —

"All appeals to the Supreme Court from the Circuit Court, in prize causes, now remaining therein, shall be claimed and allowed in the same manner as in cases of appeal from the District Court to the Supreme Court. In any case of appeal or transfer the court below, or the appellate court, may order any original document or other evidence to be sent up, in addition to the copy of the record, or in lieu of a copy of a part thereof."

From this it is clear to our minds that it was the intention of Congress to confine its legislation on this subject to prize causes, leaving the rules of court alone in force as to other cases ; but in the revision of this statute this special provision of the act of 1864 was reproduced in sect. 698, which is as follows : —

"Upon the appeal of any cause in equity, or of admiralty and maritime jurisdiction, or of prize or no prize, a transcript of the record, as directed by law to be made, and copies of the proofs, and of such entries and papers on file as may be necessary on the hear-

ing of the appeal, shall be transmitted to the Supreme Court: *Provided*, that either the court below or the Supreme Court may order any original document or other evidence to be sent up, in addition to the copy of the record, or in lieu of a copy of a part thereof. And on such appeals no new evidence shall be received in the Supreme Court, except in admiralty and prize causes."

Construing this statute in the light of those from which it was taken, and the practice that had prevailed in the courts, which it was undoubtedly intended to confirm, we think the power of the courts below, and of this court, over the transmission of original papers to this court on appeal, is, and should be, confined to such as require actual inspection as originals in order to give them their full effect in the determination of the suit. We will not undertake to control the discretion of the courts below in sending up papers which, in their judgment, require inspection ; but where papers come up that ought not to be sent, we will look closely to the language of the order below to see whether they are included within its provisions.

Here the papers which have come up are what were used below as ordinary depositions, and there certainly appears to be no good reason why they should not be copied into the transcript. No complaint was made of their authenticity, and, so far as any representations have been made to us, there can be no possible necessity for their inspection. The order of the court was for the transmission of " the original exhibits, patent certificates, schedules, drawings, and models on file, along with and as part of the record and transcript." It is true that the affidavits were attached as exhibits to the bill of review and answer, but we think the term " exhibit " was not used in that sense in the order. The evident purpose of the court was not to send here the original of what was to be read simply, but of what was to be looked at for the impression it was to produce. They ordered up what had been *exhibited* below as contradistinguished from what had been *read*. In that sense, the order conforms to what has always been the practice, from which we are not inclined to depart. Prudence requires that papers which properly belong on the files of a court should never be removed, except in cases of positive necessity, and any thing

which has an opposite tendency should be promptly discouraged here and elsewhere.

For these reasons, we hold that the original affidavits which have been sent up by the clerk below are no part of the transcript in the cause, and that the clerk of this court was right in not having them printed. The motion to print them now is also overruled, because, if printed, they cannot be considered by us a part of the proof. This being so, we must, under the understanding by which the hearing was permitted to go on, consider the case as it was argued; that is to say, as upon a demurrer to the bill of review, or more properly, perhaps, as if the allegations made in the bill of review had been established by the evidence. In this condition of the case we may lay aside all the allegations in respect to the prior undiscovered patent issued to Batcheller, and all the newly discovered applications for patents on file in the Patent Office, rejected for want of patentability or otherwise. There is still left all that relates to the newly discovered evidence of the prior knowledge and use of machines like that patented. The averments as to this are full and complete, and notice of the names and places of residence of the persons alleged to have had such knowledge and to have seen the use is given with sufficient particularity. If the averments in this respect were true, and the newly discovered evidence was such as could be made available by bill of review, there can be no doubt that the original decree was wrong.

It is contended, however, that the evidence could not be used because it related to matters which existed at and prior to the former hearing, and by the use of proper diligence it might have been found and produced at that time, and also because the evidence was cumulative only. The bill avers that due diligence was used to find the evidence, but without success. This is one of the facts which, for the purposes of this hearing, we are to consider as proved by the evidence submitted below, but not sent here.

There is no universal or absolute rule which prohibits the courts from allowing the introduction of newly discovered evidence under a bill of review to prove facts which were in issue on the former hearing. " But the allowance of it is not a mat-

ter of right in the party, but of sound discretion in the court, to be exercised cautiously and sparingly, and only under circumstances which demonstrate it to be indispensable to the merits and justice of the cause." Such was the language of Mr. Justice Story, in *Wood* v. *Mann* (2 Sumn. 334), and he states the rule none too strongly. In the absence of the evidence produced below, we are to presume that this case was brought within this requirement. In the original answer, a prior invention of one Young was set up, which, it was said, was like that of Craig, and the public use of this machine with the consent and allowance of Young in Mobile and Memphis. The new matter alleged in the bill of review relates to other machines used in other places. In legal effect, the bill of review gave new notice of prior knowledge and use by different persons and in different places from those set out in the answer. That a proper case was made for the admission of the evidence may fairly be inferred from the fact that, without submitting that question to the court, all parties went to a hearing, by consent, upon the merits of the case as presented under the original bill and the bill of review.

It is also contended that, even though the review was right, it was wrong to dismiss the original bill on the first hearing, and without an answer on file giving notice of the new matter; that is to say, of the names and places of residence of the persons alleged to have been discovered, who had knowledge of the prior invention and prior use, as required by sect. 4920 of the Revised Statutes. It is a sufficient answer to this to say that the cause was submitted by the parties " on the original bill, answer, and replication, and the bill of review, answer, and replication thereto, and the proofs, . . . as well those used on the original bill, answer, and replication, as those taken and filed with the bill of review, answer, and reply." This was clearly a submission of the whole case on the merits after a review granted. The bill of review contained all the notice to Craig that he could demand, and as it was filed more than thirty days before the final submission of the cause, all the requirements of sect. 4920, Rev. Stat., were substantially complied with.

*Decree affirmed.*