## McGuire v. Gallagher.

(*Knoxville.* September 28, 1895.)

1. BILL OF REVIEW. *Dismissal on demurrer.*

Granting leave to file bill of review does not estop the Court to dismiss it on demurrer. (*Post, p. 352.*)

2. SAME. *To set aside a chancery sale.*

A sale, made on credit and in bar of redemption, under decree of the Chancery Court to foreclose a deed of trust on realty and wind up partnership accounts between the parties to the deed, and secure the rents, will not be set aside by bill of review, although complainant becomes the purchaser, merely because the deed provided for a cash sale and was silent as to the right of redemption, when no objection was made to the sale, its terms, or confirmation, and the property brought its full value. (*Post, pp. 352–354.*)

3. CHANCERY PRACTICE. *Reasons for decision not required to be given.*

The Chancellor is not required to give the reasons for his decision. (*Post, p. 354.*)

4. BILL OF REVIEW. *What averments are necessary.*

A bill of review for newly discovered evidence is addressed to the discretion of the Court, and must clearly and plainly set out such a state of facts as would be controlling, and must show plainly that the plaintiff has not been guilty of negligence in not producing them on the former trial, and it is not sufficient to state that he expects to prove certain facts, but the evidence that will sustain them must be stated. (*Post, pp. 354, 355.*)

Cases cited and approved: Winchester v. Winchester, 1 Head, 460; Burson v. Dosser, 1 Heis., 761; Frazer v. Sypert, 5 Sneed, 100; Livingston v. Noe, 1 Lea, 55; Carmichael v. Snodgrass, 6 Lea, 183; Maddox v. Apperson, 14 Lea, 596; Cleveland v. Martin, 2 Head, 128.

5. REGISTRATION. *Probate for.*

Probate of deed by subscribing witnesses, before a Notary Public, is not authorized, and void. (*Post, pp. 355, 356.*)

6. SAME. *Probate of, unnecessary as between original parties.*

Probate of deed for registration is not essential to its validity as between the original parties. (*Post, p. 356.*)

FROM CAMPBELL.

Appeal from Chancery Court of Campbell County. H. B. LINDSAY, Ch.

C. H. FLOURNOY and REID & POWERS for McGuire.

J. E. JOHNSON for Gallagher.

WILKES, J. This is a bill of review. It was demurred to in the Court below, the demurrer sustained and bill dismissed and an appeal taken to this Court and errors assigned. It has been heard by the Court of Chancery Appeals, and that Court has rendered its findings of fact and entered judgment affirming the decree of the Chancellor, and the complainant has appealed to this Court.

The facts found by the Court of Chancery Appeals, so far as necessary to be noticed, are, that complainant and defendant were partners in the mercantile business at Jellico, owning a storehouse and

lot and stock of goods.    Gallagher sold to McGuire his interest in the business, but not in the storehouse and lot, on June 28, 1884, for $380, and, to secure this sum, McGuire gave to Gallagher a trust-deed upon his half interest in the storehouse and lot. McGuire continued to carry on business in the house until March 22, 1889, but paid nothing on the debt, and paid no rents, which were worth $25 per month. He then assumed to convey the storehouse and lot to J. W. McCarthy for $500, and McCarthy occupied the property until October 9, 1889, when the original bill was filed.    This bill attacked the latter conveyance as having been made wrongfully and without any right or authority of McGuire to make it. The answer virtually admitted the material allegations of the bill, and the cause went to trial upon the conveyance and the testimoney of the parties.    The final decree directed sale of the property on a credit of six and twelve months, and free from the right of redemption, complainant having so prayed in his bill and on the hearing.    The half interest of McGuire was sold and bought by Gallagher at $1,250, and, no exceptions being filed, the sale was confirmed November term, 1889.

The bill of review was filed May 3, 1893, and proceeds upon the idea that McGuire's answer to the original bill was not as full as it should have been, because counsel relied on certain defects in the probate of the trust-deed as a defense.    It claimed that McGuire was entitled to further credits not al-

lowed him, and discovered since the original hearing; denied the authority of the Court to sell the property free from the right of redemption, and insisted upon a defect in the probate of the deed of trust.

To the action of the Court below and that of the Court of Chancery Appeals, in sustaining the demurrer, the following errors are assigned:

1. That the Court should have heard the case on proof, and not disposed of it on demurrer, inasmuch as the bill had, in the first instance, been filed by leave of the Court.

This position cannot be maintained. Granting leave in the first instance to file the bill of review was almost a matter of form, the object being to give the complainant in the bill of review a status in Court upon an *ex parte* hearing, and was by no means an estoppel on the Chancellor to dismiss the bill on demurrer if he deemed it proper to do so on hearing such demurrer.

2. The second error assigned is, that complainant had a right to file his bill of review at any time within three years after pronouncing the final decree, and was not compelled to appeal.

This is unquestionably true, but it does not reach the point that the Court had the right to adjudge the bill insufficient, after it was filed, if the substance, form, and matter of the bill were not proper or sufficient.

3. It is insisted that the Chancery Court had no right to order the property sold free from the right

of redemption, when the deed of trust did not so provide.

The deed of trust does not specify whether the sale shall be made subject to redemption or not, though it does provide for . a sale for cash. The substance of the contention on this point is that, when a deed of trust provides for a sale in a certain way, that the property· must be sold accordingly, and cannot be sold otherwise or on other terms.

It is well to note that the objection in this case is, not that the sale was· made upon a credit instead of for cash, but that it was made free from the right of redemption. It is well to remark, in this connection, that no objection was made to the decree of sale or its terms, and no exception was made to the report of ˙sale, and it was confirmed without objection. It is proper also to refer to the fact that, on ͺthe sale thus made, the half interest brought $1,250, when the complainant, McGuire, in his deposition in the original case, stated (before the sale) that the value of the entire property did not exceed $1,000, so that it is apparent he was not at all prejudiced by the sale. It is well also to note that the sale was not made by the trustee under · der ˙the authority of the deed of trust, but by the Chancery Court, in order, not only to foreclose the deed of trust, but to wind up the accounts between the partners and secure the rents as well as the mortgage debt. No objection being made to the

23—11 P

credit sale, or its confirmation, it is now too late to set it aside because the equity of redemption was barred, when the deed of trust is silent as to this equity.

4. It is insisted that the Court, under the bill of review, should have opened up the entire case, so as to allow other and further proof and do equity between the parties, and should not have dismissed the bill on demurrer, and, in any event, should have stated the specific grounds of dismissal instead of disposing of it "in a lump."

The Chancellor is not required to give his reasons for his decisions, and in many cases he is unquestionably wise not to do so, as the Courts frequently arrive at correct results without being able to give satisfactory reasons, and frequently, also, upon untenable grounds.

To sustain a bill of review for newly discovered evidence, there must be such a statement of facts as would be controlling, and they must be plainly set out, and be clear and decisive, and it should be shown plainly that the party has been guilty of no negligence in not producing them on the former trial, and it is not sufficient to state that complainant expects to prove certain facts, but he must state the evidence that will sustain them. The maintaining of the bill on this ground is not a matter of strict right, but is at the discretion of the Court under all the circumstances. *Winchester* v. *Winchester*, 1 Head, 460; *Burson* v. *Dosser et al.*, 1 Heis., 761;

*Frazer* v. *Sypert*, 5 Sneed, 100; *Livingston* v. *Noe*, 1 Lea, 55. It does not lie for merely cumulative evidence. *Carmichael* v. *Snodgrass*, 6 Lea, 183; *Frazer* v. *Sypert*, 5 Sneed, 100. Nor for newly discovered evidence that does not materially vary the facts. *Maddox* v. *Apperson*, 14 Lea, 596; *Cleveland* v. *Martin*, 2 Head, 128.

A mere casual inspection of the allegations of the bill will suffice to show that, tested by the rules laid down in these cases, the present bill cannot be maintained for newly discovered evidence. Indeed, by his own showing, complainant had all the facts now in his possession, in his possession when the original bill was filed, but failed to produce them, relying largely upon the supposed defective probate of the deed of trust. Considering the question raised, that the probate of the deed of trust is defective, it appears that it was signed by the grantor, McGuire, and witnessed by two subscribing witnesses. In order to probate the deed of trust for registration, these subscribing witnesses went before a Notary Public and proved the execution of the deed of trust. The certificate of probate, instead of being in the usual form, recites that they, the subscribing witnesses, "saw McGuire, the grantor, sign and acknowledge that he executed the foregoing deed, and for the purposes therein contained." The objection being to the variance between this language and that prescribed by statute for the probate of deeds by witnesses before the Clerk of the County Court. See § 2873,

Code (M. & V.). The Court of Chancery Appeals, in their opinion, say that this is an immaterial variance and a technical objection, citing *Davis* v. *Bogle*, 11 Heis., 315; *Tate* v. *Lawrence*, 11 Heis., 503; Code (M. & V.), § 2894. We are not aware, however, of any provision for the probate of deeds by proof of subscribing witnesses before a Notary Public, and the only authority conferred by statute on them, is to take acknowledgments, while proof by witnesses must be made before the Clerk of the County Court.

We are of opinion that the attempted probate before a Notary Public by subscribing witnesses, was void, and conferred no authority to register the instrument. However this may be, the execution of the instrument is nowhere denied, but conceded, and its probate and registration was in nowise necessary to its validity as between the grantor and grantee; so that the matter of the probate is one of no importance whatever, and does not, in anywise, affect the proceedings had to sell the property or foreclose the deed of trust.

We see no error in the result reached by the Chancellor or Court of Chancery Appeals, and affirm the decrees made by them.