# HOPKINS *v.* HEBARD.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 30. Argued October 16, 19, 1914.—Decided November 30, 1914.

The function of a bill of review filed for newly discovered evidence is to relieve a meritorious complainant from a clear miscarriage of justice where the court is able to see, upon a view of all the circumstances, that the remedy can be applied without mischief to the rights of innocent parties and without unduly jeopardizing the stability of judicial decrees.

The relief prayed by a bill of review for newly discovered evidence is a matter of sound discretion and not of absolute right; and even though

the evidence be persuasive of error in the former decree the bill of re-
lief should not be allowed if it should result in mischief to innocent
parties.

Notwithstanding this court has recently decided, in an action between
North Carolina and Tennessee, that the boundary between them is
different from that which the Circuit Court of Appeals had previously
adjudged it to be in cases affecting titles to land now owned by third
parties relying on the decrees of that court, it will not now overturn
those decisions, as the stability of judgments and the protection of
rights acquired in reliance upon them would, under the circumstances
of this case, make the review inequitable.

194 Fed. Rep. 301, refusing a bill to review 103 Fed. Rep. 531, affirmed.

THE facts, which involve the principles controlling the
granting of bills of review in cases affecting title to land, and
their application to property the title to which is claimed
under grants of different States, the boundary between
which has long been in dispute, are stated in the opinion.

*Mr. C. B. Matthews* for petitioners.

*Mr. John Franklin Shields* and *Mr. William A. Stone,*
with whom *Mr. T. E. H. McCroskey* was on the brief, for
respondents.

MR. JUSTICE MCREYNOLDS delivered the opinion of the
court.

In 1907, petitioners, alleged successors to David W.
Belding and others, filed a bill of review against the heirs
and representatives of Charles Hebard in the United
States Circuit Court, Eastern District of Tennessee,
wherein they sought to reverse the decree for complainant
granted by the same court, June 10, 1899, and later
affirmed by the Circuit Court of Appeals in the cause
entitled *Hebard* v. *Belding,* which was instituted to deter-
mine the title to some seven thousand acres of mountain
land. The Smoky Mountain Land, Lumber and Improve-
ment Company intervened, denied the alleged equities

and set up that it had purchased the property for value and in good faith. The trial court having heard the matter upon the pleadings and evidence dismissed the bill; and this was affirmed by the Circuit Court of Appeals (194 Fed. Rep. 301). The cause is here upon certiorari.

The land in controversy lies on the waters of Slick Rock Creek, an affluent of the Little Tennessee River, and for some time prior to 1895 was claimed by Hebard under a grant from the State of Tennessee. Belding and others claimed it under a North Carolina grant. The rights of the disputants depended on the true location of the dividing line between the two States. If, after crossing the Little Tennessee, the line ran southward along Hangover ridge, the land was within Tennessee and belonged to Hebard; if, on the other hand, it ran along Slick Rock Creek the North Carolina grant was good and Belding and others were the owners. In 1895 Hebard began a suit in the Chancery Court, Monroe County, Tennessee, seeking an adjudication of his rights. This was removed to the United States Circuit Court; elaborate proofs were taken; and, upon the hearing, the court determined that the state line ran along Hangover ridge, as contended by Hebard, and adjudged the title to be in him. The Circuit Court of Appeals in a final decree, entered July 13, 1900, affirmed this action, the opinion being written by the late Mr. Justice Lurton (103 Fed. Rep. 532).

Some years before the present suit was brought, The Smoky Mountain Land, Lumber and Improvement Company, relying upon the last-mentioned final decree in the Circuit Court of Appeals, in good faith and for value, acquired the interest of Hebard. As security for debt, Belding and others, by deeds of December, 1899, and March, 1900, transferred to Archer and McGarry, Trustees, with power of sale, their interest in a large tract of land the boundaries of which included the seven thousand acres now in question "subject nevertheless to all deduc-

tions, if any, arising by, through or under the 'State Line' suit hereinafter mentioned" (*Hebard* v. *Belding*). Default having occurred, the trustees executed a deed to William R. Hopkins and others, petitioners here, with covenants of seisin and right to convey and special warranty; but from the covenants they expressly excepted "all those lands situated at or near the State Line, between the State of North Carolina and Tennessee, which were recovered in a certain action known as the 'State Line Suit' which was pending in the United States Circuit Court for the Eastern District of Tennessee and was brought by one Hebard against David W. Belding and others if future proceedings do not recover the title thereof."

During the year 1821 Commissioners appointed by North Carolina and Tennessee located and marked the southern portion of the dividing line between the two States and prepared a map roughly indicating it. After being lost for many years, in December, 1903, or early in 1904, this was found among old, discarded papers stored in the basement of the Capitol at Nashville. Relying on the map as newly discovered evidence adequate, when considered in connection with that formerly introduced, to demonstrate that the dividing line between the two States ran along Slick Rock Creek and to establish the invalidity of the Tennessee grant under which Hebard claimed, petitioners began the present proceeding.

Likewise relying in part upon the same map, the State of North Carolina in March, 1909, presented an original bill in this court against Tennessee, claiming that the true line between them ran along Slick Rock Creek, and praying an adjudication to that effect. In an opinion recently announced, the contention of North Carolina was sustained. *North Carolina* v. *Tennessee, ante,* p. 1.

The function of a bill of review filed for newly discovered evidence is to relieve a meritorious complainant from a

clear miscarriage of justice where the court is able to see upon a view of all the circumstances that the remedy can be applied without mischief to the rights of innocent parties and without unduly jeopardizing the stability of judicial decrees. The remedy is not a matter of absolute right but of sound discretion. *Thomas v. Harvie's Heirs,* 10 Wheat. 146; *Ricker v. Powell,* 100 U. S. 104, 107; *Craig v. Smith,* 100 U. S. 226, 233; 2 Daniell's Ch. Pr. *1577; Story's Eq. Pl., § 417; Street's Fed. Eq. Pr., §§ 2143, 2156, 2159; Gibson's Suits in Chancery, §§ 1058, 1062.

The trial court regarded the newly-discovered evidence as favorable, rather than in opposition, to the original decree and accordingly dismissed the petitioners' bill. The Circuit Court of Appeals, in a well-considered opinion, upheld the result but for a different reason, saying (194 Fed. Rep. 301, 310): "In our opinion, taking into account not only the speculative purchase by appellants, but also the good-faith purchase by the Smoky Mountain Company, a case is not presented which appeals to the equitable discretion of the court to allow the review of a decree upon the ground alone of newly discovered evidence. We rest our decision solely upon this proposition. Bearing in mind the rule that this bill of review for newly discovered evidence is not of right, no matter how persuasive of error in the original decree the new evidence may be, and that it should not be allowed if such allowance would result in mischief to innocent parties, and having in view the stability necessary to be afforded to decrees, especially of courts of last resort, where disturbance thereof is not essential to the protection of the real equities of the parties before the court, we think the review asked for should be denied. In our opinion, the stability of judgments, and thus the protection of rights acquired in reliance upon them, are such as, under the peculiar circumstances of this case, to make the review asked for inequitable."

Notwithstanding our conclusion in the proceeding between the States of North Carolina and Tennessee, where the established facts in respect to the location of the dividing line were for the most part the same as those disclosed in the record now before us, we think the decree of the Circuit Court of Appeals was right and it is accordingly

*Affirmed.*

MR. JUSTICE DAY took no part in the consideration and decision of this case.