## OBEAR–NESTER GLASS CO. v. HARTFORD–EMPIRE CO.

### No. 8659.

Circuit Court of Appeals, Eighth Circuit.

Aug. 8, 1932.

Edmund P. Wood, of Cincinnati, Ohio (William R. Wood, of Cincinnati, Ohio, and Lawrence C. Kingsland, of St. Louis Mo., on the brief), for appellant.

A. C. Paul, of Chicago, Ill., for appellee.

Before STONE, BOOTH, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

The Hartford-Empire Company brought suit in the United States District Court for the Eastern District of Missouri against Obear-Nester Glass Company for alleged infringement by the last-named company of two patents issued to or owned by the Hartford-Empire Glass Company, known as the Steimer patent No. 1,564,909, granted December 8, 1925, and the Peiler patent No. 1,563,742, granted February 16, 1926. That court held that claims 1 to 10, both inclusive, of the Peiler patent were invalid; that claims 17, 20, 25, and 34 were not infringed; that claims 15, 16, 18, 19, 21, 22, 23, 26, 27, 28, 29, 33, and 36 of the Peiler patent were valid and infringed by the devices made and used by the defendant; that all the claims of the Steimer patent were valid and infringed. From this decision both parties appealed to this court, but we affirmed the lower court on both appeals [39 F.(2d) 769].

After the mandate of this court had been sent down to the lower court, the Obear-Nester Glass Company presented to this court a motion for leave to present to the trial court a motion to reopen the case and to receive newly discovered evidence. The motion is not accompanied by any affidavits, but is supported by the unverified recitals contained in the motion, to which is attached certain exhibits purporting to be photostatic copies of certain drawings forming a part of the record in the United States Patent Office in connection with patent No. 1,796,929 and patent No. 1,797,206, photostatic copies of these patents being also attached.

It is recited in the motion that on March 17, 1931, United States patents Nos. 1,796,929 and 1,797,206, copies of which are attached to the motion, were issued to George E. Howard, on application filed July 16, 1917; that said patents constitute material and relevant evidence in this case, and that the Obear-Nester Glass Company has recently become aware of the issuance of said patents; that said patents disclose every substantial part of the alleged invention disclosed and claimed in the Peiler patent granted February 16, 1926, and particularly as to the claims held valid and infringed by the Obear-Nester Glass Company, as construed by this court. The application then sets out the particulars in which it is claimed the Howard patents anticipated the claims of the Peiler patent; that the Howard patents having issued on an application filed July 16, 1917, prior to the Peiler disclosure by application for the same invention, are material and relevant on the issue of anticipation. It is then alleged that the applicant has not been negligent in presenting this new defense, since the defense was not available until the issuance of said Howard patents, and the prosecution of the applications which matured into these patents has at all times been under the exclusive control and within the knowledge of the Hartford-Empire Company.

The Hartford-Empire Company in opposition to this motion filed a showing verified by oath of counsel for that company, in which it is denied that the alleged newly discovered evidence is in fact newly discovered, it being alleged that the subject-matter thereof has been known to the defendant and its counsel since before the action was tried in the lower court; that on December 20, 1930, defendant sought to have this cause reopened in the lower court to admit in evidence the subject-matter of the newly discovered evidence, which motion was denied; that the subject-matter of this newly discovered evidence has been

considered by another court in a suit wherein it was offered in evidence by defendant's present counsel, and that the evidence was disregarded by that court in its opinion; that the motion is presented too late because defendant's counsel have known for years the subject-matter in question. It is then alleged that at the trial of this case before the lower court in January, 1928, George E. Howard, the patentee mentioned in defendant's motion, was called as a witness by defendant, and during his examination was confronted with a copy of his application; that an offer to interrogate Howard with reference thereto was objected to, which objection was sustained, and that defendant's counsel acquiesced in the ruling by not assigning error thereon when it took its appeal, and by not including in the transcript of the record any reference to such ruling; that Howard was not set up in defendant's answer as a prior inventor, which fact was pointed out by plaintiff in the trial during Howard's deposition, but defendant made no request to amend its answer in this respect; that in another suit upon the same Peiler patent between Hartford-Empire Company and the Kearns-Gorsuch Bottle Company testimony was taken in Columbus, Ohio, in February to May, 1928, at which time defendant called Mr. Howard as its witness and confronted him with his application for patent; that one of defendant's present counsel was present during the taking of the testimony in that case; that testimony in the Kearns-Gorsuch Case relating to this Howard 1917 application was stipulated into the record in a third suit on the same Peiler patent, entitled Hartford-Empire Company v. The Lamb Glass Company, in which testimony was taken in September, 1929, and in which one of defendant's counsel was counsel for the defendant in the Lamb Glass Company Case; that a fourth suit, Hartford-Empire Company v. The Nivison-Weiskopf Company, involving the same Peiler patent, was tried at Cincinnati in July, 1929, at which time defendant's present counsel were present and called Mr. Howard as their witness, examining him at length as to the disclosures of the Howard 1917 application, including those parts of said disclosure now relied upon in defendant's present motion; that the Howard 1917 application was received in evidence in that suit, but is not referred to in the court's opinion; that in all of these suits the courts sustained claims of the Peiler phase change patent No. 1,573,-742, against which defendant's present motion is directed, over the Howard priority proofs, including the Howard 1917 application; that the Howard 1917 application appeared in another suit between the parties hereto, in the District Court at St. Louis, where the same counsel represented defendants as appear now for the defendant, in which suit, at request of defendant's counsel, a stipulation was agreed to in July, 1930, identifying a copy of said Howard 1917 application.

There has also been submitted without objection or protest of either party, certain purported excerpts from the record in Hartford-Empire Company v. Nivison-Weiskopf Company, above mentioned, tried in July, 1929, indicating that the complete file wrapper of the Howard 1917 application for patent was produced and offered in evidence as Plaintiff's Exhibit 69, this being offered by the same counsel who now appear for defendant in the instant case.

We shall treat the motion as a motion for leave to file in the lower court a bill of review on the ground of newly discovered evidence.

Rules relating to bills of review are said first to have been systematically arranged by Lord Bacon in his celebrated ordinances in chancery. Purcell v. Coleman, 4 Wall. (U. S.) 513, 18 L. Ed. 435; Clapp v. Thaxter, 7 Gray (Mass.) 384. A bill of review will lie after final decree to alter or reverse the final decree by the court rendering it, when the term at which the decree was entered has ended (1) for error apparent in the record; (2) newly discovered evidence after the term; and (3) for fraud in procuring the decree. Swift v. Parmenter (C. C. A. 8) 22 F.(2d) 142; Richardson v. Lowe (C. C. A. 8) 149 F. 625; Simmons Co. v. Grier Bros. Co., 258 U. S. 82, 42 S. Ct. 196, 66 L. Ed. 475; National Brake & Elec. Co. v. Christensen, 254 U. S. 425, 41 S. Ct. 154, 65 L. Ed. 341; Hopkins v. Hebard, 235 U. S. 287, 35 S. Ct. 26, 59 L. Ed. 232.

There are technical refinements noting a distinction between a bill of review and a bill in the nature of a bill of review, which we need not here consider. During the term at which a decree is entered, the court entering it may, in the exercise of its discretion, on motion for rehearing or otherwise, change, modify, or set aside its decree; and the time for filing a bill of review may be said to begin when the time for filing a petition for rehearing has passed and the decree has become final. The bill is addressed largely to the judicial discretion of

the court, and the court is not bound to grant relief. It is a last resort devised to relieve a party who has suffered a substantial wrong from a miscarriage of justice. Thomas v. South Butte Mining Co. (C. C. A.) 230 F. 968; Keith v. Alger (C. C. A.) 124 F. 32.

Before passing to the merits of the motion, we advert to another question of practice. Where there has been no appeal, the defeated party may, in a proper case, and within proper time, on leave of that court first had and obtained, file in the trial court a bill of review. Where, however, the decree of the trial court has been appealed from and has been disposed of by the appellate court, either by affirmance or reversal, then the trial court may not entertain a bill of review, nor permit it to be filed without leave first granted by the appellate court, because after decision by the appellate court, the decree of the lower court becomes the decree of the appellate court. The application for leave to file the bill of review in the instant case is, therefore, properly presented to this court. In re Potts, 166 U. S. 263, 17 S. Ct. 520, 41 L. Ed. 994; National Brake & Electric Co. v. Christensen, 254 U. S. 425, 41 S. Ct. 154, 156, 65 L. Ed. 341; Simmons Co. v. Grier Bros. Co., 258 U. S. 82, 42 S. Ct. 196, 66 L. Ed. 475; Toledo Scale Co. v. Computing Scale Co., 261 U. S. 399, 43 S. Ct. 458, 67 L. Ed. 719; Hagerott v. Adams, 61 F.(2d) 35; Omaha Electric Light & Power Co. v. City of Omaha (C. C. A.) 216 F. 848; Society of Shakers v. Watson (C. C. A.) 77 F. 512; Suhor v. Gooch (C. C. A.) 248 F. 870. The application is addressed to the discretion of the court and is not to be granted as a matter of course. As said by the Supreme Court in National Brake & Electric Company v. Christensen, supra: "Such applications are addressed to the sound discretion of the *appellate* tribunal, and should be decided upon considerations addressed to the materiality of the new matter and diligence in its presentation." (Italics supplied.)

We turn, therefore, to a consideration of the application. A bill of review for newly discovered evidence may only be presented to obtain the benefit of evidence of facts existing at the time of the decree, but discovered too late to allow the introduction of proof concerning them at the trial. The new evidence must, of course, be material to the issues determined by the decree, and it must appear that the proof has not only come to light subsequent to the entry of decree, but that it could not have been discovered in the exercise of reasonable diligence in time to permit its being used in the original trial. Like motions for a new trial on the ground of newly discovered evidence, a bill of review for newly discovered evidence is not favored by the courts. Its allowance rests in a sound judicial discretion to be exercised cautiously and sparingly in cases where it is clearly demonstrated that the interests of justice will undoubtedly be served thereby. Craig v. Smith, 100 U. S. 226, 25 L. Ed. 577; Ricker v. Powell, 100 U. S. 104, 25 L. Ed. 527; Nickle v. Stewart, 111 U. S. 776, 4 S. Ct. 700, 28 L. Ed. 599; Thomas v. Brockenbrough, 10 Wheat. 146, 6 L. Ed. 287.

Ordinarily an application for leave to file a bill of review for newly discovered evidence presents for consideration the question of the materiality of the newly discovered evidence and the diligence exercised by the applicant to secure such evidence. It appears here that the Howard patent application was filed July 16, 1917, and that it was pending in the United States Patent Office until patent was issued March 17, 1931. Defendant has for years known of this application and of its filing date. It appears that it offered some testimony with reference to this application during the trial of this case in January, 1928, when Mr. Howard was called by it as a witness. At that time defendant's counsel had a copy of the Howard 1917 application and offered to interrogate him with reference thereto; but on objection by plaintiff the testimony was excluded. The ruling, however, was not assigned as error, and, hence, must have been acquiesced in. But, in any event, it seems clear that at the time of the trial of this case, counsel for defendant were fully advised as to the disclosure of the claims contained in the application for the Howard patent. The evidence is, therefore, not newly discovered. In the exercise of diligence, counsel for defendant actually discovered the evidence, but seem not to have taken the proper procedure to make it available, nor to secure a ruling of this court as to its admissability or effect. True, the patents had not issued, but the disclosures were all shown in the applications. Not only must the evidence, to support the bill of review, be newly discovered, but it must be of such character as would probably produce a different result if it had been received on the original hearing. Purcell v. Miner, 4 Wall. 519, 18 L. Ed. 459; Suhor v. Gooch (C. C. A.) 248 F. 870.

We are not convinced that the evidence is either newly discovered, nor that it would probably produce a different result more favorable to the defendant than that already obtained. Neither are we convinced that the granting of this motion would be in the interest of equity and justice. A bill of review must not be used as a means of indefinitely prolonging litigation.

The motion for leave to present to the lower court a motion to file a bill of review is therefore denied.