### CENTRAL ILLINOIS ELECTRIC & GAS CO. v. MANUFACTURERS' FINANCE CO. et al.

#### No. 5539.

Circuit Court of Appeals, Seventh Circuit.

Nov. 25, 1936.

William M. Acton, of Danville, Ill., and Roy F. Hall, of Rockford, Ill., for appellant.

Edward I. Rothbart, Norman M. Peterson, and Julius M. Rosenfield, all of Chicago, Ill., for appellee.

PER CURIAM.

Petitioner asks leave to file a bill in the nature of a bill of review to be filed in the District Court to alter the amount due under a certain decree theretofore entered in that court and affirmed by this court on appeal. 81 F.(2d) 85. Certiorari denied 57 S.Ct. 11, 81 L.Ed. ——. No copy of the proposed bill accompanies the petition for leave to file.

As ground for the bill in the nature of a bill of review, petitioner states in its verified petition that an error of $911.54 in the amount due occurred in the memorandum of the District Court accompanying the decree which had to do with appellant's liability for certain coal sold and delivered to it by appellees' assignor and as to which appellant claimed a set-off on account of power, water, and supplies furnished the assignor; that in the petition originally filed in the cause it was stated that there was a balance due of $10,066.24, and that thereafter appellees filed an answer stating that there was due $10,977.78, for which appellee Manufacturers' Finance Company had assignments of account; that no testimony was produced as to the amount of coal delivered, and that the

trial court in its memorandum stated the amount as stated in appellees' answer; that appellant did not then notice the difference in the figures and did not discover the alleged error until its auditor came to prepare the figures from which to settle the decree; that when appellant was allowed to examine the books and records of the assignor of the accounts it found that the figure stated by it in its amended petition was correct, namely, $10,066.24; that it also found at the same time that there was one bill of $588.46 which had not been assigned to appellee. Hence, petitioner asks that this court grant it leave to file a bill in the nature of a bill of review to secure the correction of what it terms the palpable error in the decree.

In Toledo Scale Company v. Computing Scale Company, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719, it was held that a defendant was not entitled to reopen its case on the ground of newly discovered evidence where the failure to discover the so-called newly discovered evidence was due to its own lack of diligence. In Obear-Nester Glass Company v. Hartford-Empire Company (C.C.A.) 61 F.(2d) 31, 34, in denying a motion for leave to present to the lower court a motion to file a bill of review, the court said: "* * * and it must appear that the proof has not only come to light subsequent to the entry of decree, but that it could not have been discovered in the exercise of reasonable diligence in time to permit its being used in the original trial. Like motions for a new trial on the ground of newly discovered evidence, a bill of review for newly discovered evidence is not favored by the courts. Its allowance rests in a sound judicial discretion to be exercised cautiously and sparingly in cases where it is clearly demonstrated that the interests of justice will undoubtedly be served thereby. [Citing cases.]" See, also, Eclipse Machine Company v. Harley-Davidson Company (C.C.A.) 286 F. 68.

In the case before us, the discrepancy in the figures was apparent from the pleadings filed in the District Court. An examination of the record discloses the fact that appellee, the assignee of the accounts, set up in its answer an itemized statement showing assignments and due dates of accounts receivable in the aggregate sum of $10,988.78. Petitioner could then have demanded proof as to the amount due, but failed to raise any question, in spite of the discrepancy between these figures and those set out in its own petition. In fact, it apparently adopted appellee's figure, as indicated by its statement in its brief before this court: "The Electric Company received coal from the mine, the accounts for which were assigned by the Coal Corporation to the Finance Company, on which the total amount unpaid is $10,977.78. (Citing the transcript reference.)"

Under these facts, we think petitioner has not made the showing of diligence necessary to entitle it to the relief here prayed, and the petition for leave to file a bill in the nature of a bill of review is therefore denied.