POINTER *v.* DAVIS *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed August 31, 1951.

O. W. McKenzie, of Dayton, and Candler & Hitch, of Athens, for plaintiff.

Frank N. Bratton, and Tom Taylor, both of Athens, for defendants.

Mr Justice Prewitt delivered the opinion of the Court.

This appeal is from a decree sustaining a demurrer to the bill of review filed by complainant James Pointer.

The lawsuit revolves around a vacant lot in Athens on U. S. Highway No. 64. This is the second suit involving the lot. The first suit was instituted by the property owners against Pointer seeking an injunction against him for erecting a filling station at the point in controversy. Much proof was introduced by both parties and in his decree, the Chancellor made the injunction permanent, holding that a filling station to be erected on the lot would be a nuisance per accidens but not per se. The basis of the decree was that the filling station was located within a thousand feet of the high school, was on a much travelled street, that noxious odors would emit from the filling station, and that crowds would congregate and be noisy. One of the principal grounds set out in the bill was that the city had enacted an ordinance forbidding the erection of filling stations in the area. From this decree the complainant in this case did not appeal, stating in this bill that the reason for not appealing was on account of such ordinance. The first suit was filed in 1947.

The Chancellor's opinion reveals that this lot is situated on Ingleside Avenue and was at one time a strictly residential section but now the avenue is on the arterial highway No. 11, and known as the Lee Highway, and one of the most heavily travelled highways in the country. There is located in this section and on said avenue apartments, rooming houses, a public school, a filling station, a garage, Ingleside Motel, and International Harvester Company, where farm implements or hardware are sold; nearby lawn furniture is manufactured. It further appears that these business enterprises have been erected and operated since the passage of the above ordinance already referred to.

In sustaining the demurrer to the present bill, the Chancellor stated in his decree of dismissal that the bill

44

of review set up new matters in existence subsequent to the entry of the decree in the first suit—that is, the repeal of the prohibitory ordinance.

 Under our practice, a bill of review may be filed for (1) Error of Law apparent on the face of the record, without leave of Court. (2) With leave of Court for newly discovered evidence.

In the present case, there is no insistence that there was error of law apparent on the face of the record and, therefore, the bill of review must stand or fall on the sufficiency of the newly discovered evidence presented by the bill.

 A bill of review will not lie for newly discovered evidence which is merely cumulative, *McGuire* v. *Gallagher,* 95 Tenn. 349, 32 S. W. 209, and the bill of review must show that the evidence came to light after the decree was made; that it was material and that it would probably change the result, and that it could not possibly have been used when the decree was pronounced, *Maddox* v. *Apperson,* 82 Tenn. 596; *Arnold* v. *Moyers,* 69 Tenn. 308.

 In the original proceedings the Chancellor found as a fact, that to construct a filling station as the defendant proposed to construct it, and where the defendant proposed to construct it, would constitute a nuisance per accidens, or in fact, as distinguished from a nuisance per se or in the law. There is no evidence presented in the present bill of review that tends to show that the former finding of fact by the Chancellor was, at the time of its finding, erroneous or unwarranted.

"The function of a bill of review filed for newly discovered evidence is to relieve a meritorious complainant from a clear miscarriage of justice where the court is able to see, upon a view of all the circumstances, that the

remedy can be applied without mischief to the rights of innocent parties, and without unduly jeopardizing the stability of judicial decrees. The remedy is not a matter of absolute right, but of sound discretion.'' *Hopkins* v. *Hebard,* 235 U. S. 287, 290, 35 S. Ct. 26, 27, 59 L. Ed. 232, 234; *Thomas* v. *Brockenbrough,* 10 Wheat. 146, 6 L. Ed. 287; *Ricker* v. *Powell,* 100 U. S. 104, 107, 25 L. Ed. 527, 528; *Craig* v. *Smith,* 100 U. S. 226, 233, 25 L. Ed. 577, 580; 2 Dan. Ch. Pr. 1577; Story, Eq. Pl., Section 417; Street, Fed. Eq. Pr., Sections 2143, 2156, 2159; Gibson's 'Suits in Chancery, Sections 1058, 1062.

Under the facts, the Chancellor did not abuse his discretion in sustaining the demurrer. We think his decree should be sustained without prejudice on the part of complainant to assert any right he may have in another proceeding.

All concur.