76 U.S. 805 (____)
9 Wall. 805
RUBBER COMPANY
v.
GOODYEAR.
Supreme Court of United States.

ON motion of Mr. Cushing, for the appellant, to stay the mandate and for leave to file a bill of review; Mr. W.E. Curtis opposing the application.
Mr. Justice SWAYNE stated the case and delivered the opinion of the court.
The appellants have submitted a motion that the mandate in this case be stayed, and that they have leave to file a bill of review. The ground of the application is the alleged fact that George B. Dorr and William Judson, both deceased, were largely interested in the patent which lies at the foundation of this litigation, and that their legal representatives should have been made parties to the suit. It is shown that a suit has been recently instituted by Louisa Judson, widow and executrix of William Judson, against the appellants for the same infringements of the patent which are charged in the bill in this case. Affidavits are on file  taken to show the interest of Judson  and that the appellants had no knowledge of the fact until since the determination of the case in this court. They are silent as to the interest of Dorr. Upon looking into the record, we find that the subpna in this case bears date on the 30th of October, 1862. The litigation was in progress from that time until it was determined here by the opinion of this court, delivered on the 7th of February last, affirming the decree of the Circuit Court in favor of the complainants.
Exhibit "B," annexed to the complainants' bill in the record, is the opinion of Mr. Justice Grier in the case of Goodyear v. Day, involving the same patent.
That opinion was delivered at the May Term, 1852, of the *806 Circuit Court of the United States for the District of New Jersey. It appears by this opinion that the point was made in that case by the defendant, that William Judson and James A. Dorr were parties in interest, and should be made parties complainant. The assignment by Goodyear to Judson and Dorr was before the learned judge, and the question made was fully considered. They were not made parties. Exhibit "C," annexed to the bill, is the opinion of the same justice in the case of Goodyear and the New England Car Spring Company against the Central Railroad of New Jersey, argued in the Circuit Court of that State on the 24th of March, 1853. The suit in that case also was founded upon the Goodyear patent. The objection that Judson and Dorr should have been co-complainants was set up. The assignment to them by Goodyear was analyzed and considered. The learned judge arrived at the conclusion that they were not necessary parties, and overruled the point. These exhibits were as much a part of the bill in this case as anything which it contained. The appellants are estopped from denying knowledge of its contents. They were sufficient to show the existence of the assignment to Judson and Dorr, and the general scope and character of its contents. If not satisfied with the views of Mr. Justice Grier upon the subject they should have made the defence by plea or answer. Not having spoken at the proper time in that way, they cannot be permitted to speak with effect now, in this way. They have slept upon knowledge which, if material, should have awakened them to activity more than seven years ago. Their laches is fatal to their application. It is a settled rule in this class of cases "that the matter must not only be new, but such as the party, by the use of reasonable diligence, could not have known; for, if there be any laches or negligence in this respect, that destroys the title to the relief."[*] Whether such an application shall be granted or refused, rests in the sound discretion of the court. The requisite leave is never a matter of right.[] The affidavits have failed to satisfy us, *807 that if a bill of review were filed the result would affect the decree which has been rendered.
We are all of the opinion, that under the circumstances it would not be proper to withhold longer from the appellees the fruits of the relief to which we have found them entitled. It is not probable that the appellants will be injured by any litigation which the representatives of Judson or Dorr may institute. If their interests, as claimed, shall be established, the Circuit Court which tries the case will doubtless so exercise its flexible jurisdiction in equity as to protect all rights and do justice to all concerned. The motion for leave to file a bill of review is
DENIED.
NOTES
[*] Story's Equity Pleadings, § 414.
[] Id. § 417.