# Wytheville.

85  187
89  260

## HARMAN AND ALS. V. MCMULLIN AND ALS.

### August 2d, 1888.

1. RECEIVERS—*Title to fund—Case for appointing—Adm'r d. b. n.*—Appointment of receiver does not affect title to fund which is still regarded as *in custodia legis.* When administrator has been removed and estate committed to sheriff as administrator *d. b. n.*, and unadministered assets are insufficient to pay debts, and to pay same that fund must be drawn upon to some unknown extent;

HELD:

It is proper not to pay that fund at once to distributees, but to appoint receiver to hold same for protection of sureties, creditors and distributees, especially as administrator *d. b. n.* cannot sue his predecessor for assets wasted or converted. *Wernick* v. *McMurdo,* 5 Rand. 51; *Hinton* v. *Bland,* 77 Va. 595; ₹ 2648, Code 1887.

2. PERSONAL REPRESENTATIVES—*Sureties—Liability.*—Sureties are liable for *devastavit* of administrator, when he receives other things than money in discharge of debts due decedent and fails to account for the same as if he had received the money.

3. IDEM—*Barred debts—Debts collected or assumed.*—When evidence shows that administrator collected, or assumed to pay; debts due decedent, he and his sureties are liable, though the debts may have been barred by statute of limitations when he qualified. .

4. BILL OF REVIEW—*After-discovered evidence.*—When bill of review, unsupported by affidavit, is asked to be filed on ground that since the decree defendants (sureties for defaulting ·administrator) had discovered (as they could not have done before) that certain property was bound for a debt, for his failure to collect which they were decreed against, and leave to file same was refused. On appeal—

HELD:

No error, because evidence immaterial and bill unsupported. *Hatcher* v. *Hatcher,* 77 Va. 600.

Appeal from decree of circuit court of Smyth county, entered July 19th, 1886, in the cause of Mary J. McMullin and Fayetta

McMullin, an infant by her next friend, against F. Alexander, administrator of Fayette McMullin, deceased, and the sureties on his official bond, to recover the amount claimed to be due from the administrator, by which decree John P. Sheffey was appointed receiver and decreed to recover from said administrator and his sureties, Hezekiah Harman and others, a large amount of money, and to hold the same until further orders of the court; and from another decree of said court, entered September 27th, 1886, whereby the court refused said Harman and others leave to file their bill of review to review and reverse the former decree. From these decrees said Harman and others appealed. Opinion states the case.

*Williams Bros.,* for the appellants.

*John P. Sheffey, G. W. Richardson,* and *J. H. Gilmore,* for the appellees.

HINTON, J., delivered the opinion of the court.

This suit was instituted at March rules, 1884, by Mary J. McMullin, the widow, and Fayetta, the sole and infant daughter of Fayette McMullin, deceased, against F. Alexander, administrator of said McMullin, and the sureties upon his official bond, to enforce the payment of a large amount of money shown to be due the estate upon an *ex parte* settlement of the accounts of said administrator. Proper proceedings were had and proper accounts were taken ; and at a special term of the court held on the 19th day of July, 1886, a decree was rendered confirming the last report of the commissioner ; directing this suit to be heard with the creditors' suit of *M. H. Semones et al.* v. *F. McMullin's Adm'r et al.,* and appointing J. P. Sheffey receiver, etc.

From this decree, and a subsequent decree, rendered at a regular term of the court in September, 1886, refusing to allow a bill of review to be filed, the sureties have appealed.

Against these decrees four errors were assigned at the bar, which will be noticed in the order in which they were presented. Of these, the first assignment is, that the court erred in rendering a decree in favor of J. P. Sheffey, receiver, instead of in favor of the complainants. Now whether this objection be construed as charging that the circuit court has, by its decree, clothed the receiver with the title to money sought to be recovered, or as merely denying the right of the court to make any appointment of a receiver, at the time and under the circumstances disclosed in this case, it will, in either event, upon the most cursory examination, be seen to be unsound. The fundamental purpose of a receivership being, as we are told in all the books which treat of the subject, merely to preserve the fund or *res* which may be the subject of controversy, *pendente lite,* for the benefit of the party ultimately entitled to it, it is perfectly clear that the investiture of the receiver with the title to the property is a thing absolutely foreign to the purpose of the appointment. As is said by a learned writer, " The appointment of a receiver determines no right as between the parties, nor does it affect the title to the property in any way." Beach on Receivers, § 1. The fund or property is regarded as *in custodia legis,* and the receiver's possession is the possession of the court appointing him. *Beverly v. Brooke,* 4 Gratt. 211. Whilst, therefore, the phraseology of the decree may, perhaps, be open to criticism, it is perfectly plain that it cannot be construed, at least in a court of chancery, as was argued, as investing the receiver with the title to the fund in controversy, without our overturning the very ground upon which the right of the court to make such an appointment rests, ignoring the proper function of a receiver, and imputing to the court a purpose to do something not called for by the pleadings, and which, manifestly, it had neither the right nor a reason for doing. Nor can it be contended with any show of success that the court did not exercise a sound discretion in appointing a receiver in this case. One of the most important classes of cases in which a receiver is ap-

pointed, says Mr. Beach, is that in which the appointment is made in behalf of judgment creditors. Beach on Receivers, § 609. In this case, Alexander had already been removed from his place as administrator, upon the motion of the appellants themselves, and the estate had been committed to the sheriff of Smyth county as administrator *d. b. n.* It appearing that the unadministered assets (and as to what are regarded as unadministered assets see *Wernick* v. *McMurdo*, 5 Rand. 51; *Potts* v. *Smith*, 3 Rawle, 361; S. C. 24 Amer. Dec. p. 359,) would not pay the indebtedness against the estate, and that this fund would have to be drawn on, to what extent was not known, to discharge these debts, it being manifestly improper to pay it to the distributees until the debts had been paid, and the administrator *d. b. n.* not being entitled to receive and hold these assets, as they had once been administered, see *Wernick* v. *McMurdo* and *Potts* v. *Smith, supra*, how else could the court as effectually protect the rights of the sureties, creditors and distributees as by the appointment of a receiver, who should hold the fund until a proper disposition of it could be made. *Crickard's Ex'or* v. *Crickard's Legatees*, 25 Gratt. 425. High on Receivers, § 1.

The next objection urged against these decrees is that the court erred in charging the administrator and his sureties with certain debts, because the testimony shows that the debtors in these cases undertook to discharge their obligations to the estate with something else than money. But this objection is entitled to no weight, because, as the record shows, in most if not all of these cases, the debts were paid in live stock, which was either butchered at home or shipped and converted into money. And because, even if the stock had not been converted into money, the misconduct of the administrator in surrendering and extinguishing the notes and other evidences of debts amounted to a waste or conversion of the assets to that extent for which the administrator and his sureties are liable. *McCall* v. *Peachy's Adm'r*, 3 Munf. 288; Schouler on Ex'ors, §§ 359, 360; 2 Lomax on Ex'ors, s. p. 288, *et seq.*

Another objection is, that the appellants were charged with the amount of the debt due .by Bonham & Co., which, it is alleged, was barred by the statute of limitations at the time of the qualification of the administrator. But the answer to this is, that after a careful examination of the record, we can find no evidence that such was the condition of this debt when the administrator qualified. On the contrary, the evidence tends strongly to show that this debt was either collected or assumed by the administrator, and he and his sureties were therefore properly held liable therefor.

The fourth and last assignment of error made by the appellants is the refusal of the court to permit the appellants to file their bill of review. The application is rested generally upon the discovery of new and material evidence, which it is unnecessary for us to set out, and which could not have been ascertained by the use of proper diligence before the decree was rendered. The specific newly-discovered matter pointed out at bar as the ground upon which they should have been allowed by the lower court to file their bill of review, is that since the rendition of the decree of July 19th, 1886, the administrator, F. Alexander, had disclosed to them that John Alexander was the owner of valuable real estate in Smyth county, out of which certain debts due by the firm of Alexander & Son to the estate of the intestate could have been made. Now, upon an examination of all of this alleged after-discovered evidence, particularly of that which has just been referred to, it is perfectly manifest that it could not constitute any proper ground for a bill of review, for the simple but conclusive reason that, if admitted, it could not possibly have produced a different result or have occasioned the alteration of the decree. *Carter* v. *Allen,* 21 Gratt. 245; *Whitten* v. *Saunders,* 75 Va. 573; *Rubber Co.* v. *Goodyear,* 9 Wall. 806; Sands' Suits in Eq. 695, *et seq.* But if this were not so, the bill of review is neither sworn to nor are its averments supported by the necessary affidavits of witnesses. *Whitten* v. *Saunders, supra; Hatcher, &c.,* v. *Hatcher's Heirs,* 77 Va. 600.

As to the cross-assignment of error made by the appellees, we deem it sufficient to say that it does not, in our judgment, sufficiently appear what part, if any, of the amount decreed against the appellants was money received by the administrator as interest on the debts collected, and that interest was properly allowed by the court on only a part of the sum decreed.   On the whole, therefore, we perceive no errors in the decrees complained of, and they must be affirmed.

RICHARDSON, J., dissented.

DECREES AFFIRMED.