## Richmond.

## DAVIS ET AL. v. BONNEY ET ALS.

### March 16th, 1893.

1. CREDITOR'S BILL—*Liens—Lis pendens.*—A creditor at large, successfully suing to set aside a deed conveying property in fraud of creditors, has a lien on the property from time of suit brought; and a creditor, who comes into the suit, shall have a like lien from the filing of his petition; but, as against creditors, with or without notice, and purchasers for value without notice, from the time of his filing his memorandum of *lis pendens.*

2. JUDGMENTS.—Such lien is a lien only upon the property conveyed, and not, like the lien of a judgment, on all of debtor's estate.

3. RECEIVERS—*Fi. fa.*—Personalty in the hands of a receiver cannot be levied on, but the *fi. fa.* creates a lien thereon.

Appeal from decree of circuit court of Norfolk city, rendered June 20th, 1892, in a suit in equity wherein M. L. T. Davis & Co., appellants here, were plaintiffs, and C. L. Bonney and others were defendants. The bill was a creditor's bill to set aside, on the ground of fraud, a certain deed made by Bonney, on the 28th of April, 1890, to B. A. Johnson, trustee, and to subject the property thereby conveyed to the satisfaction of the plaintiffs' claim against the late co-partnership of Bonney & Malborn. The plaintiffs were creditors at large of the firm, and the principal question here was, whether they acquired a lien on the property conveyed by the deed, which was adjudged fraudulent and void, at the date of the filing of the bill, or whether their claim was rightly postponed to those of other creditors who came in subsequently by petition. Other facts are stated in the opinion.

*John B. Jenkins* and *Whitehurst & Hughes*, for appellants.

*Hilliard & Ennis* and *G. M. Dillard*, for appellees.

LEWIS, P., (after stating the case,) delivered the opinion of the court.

This was a creditors' suit, in which the bill was filed by the appellants, M. L. T. Davis & Co., creditors at large of the firm of Bonney & Malborn. It appears from the record that on the 28th of March, 1890, the members of the firm gave notice, by publication in a newspaper, of the dissolution of the firm, and that Bonney had assumed all of its indebtedness. On the 28th of the following month Bonney conveyed to Johnson, trustee, all the assets of the late co-partnership, to secure certain of his individual debts. The bill was filed on the 24th of May, 1890, to set aside this deed, on the ground that it was made to hinder, delay, and defraud creditors, and for an injunction and the appointment of a receiver. On the same day an injunction was granted and a receiver appointed, who qualified two days thereafter by giving the required bond.

On the day the receiver qualified and took possession, the appellees, D. W. Todd & Co., recovered a judgment before a justice of the peace of Norfolk against the members of the late firm of Bonney & Malborn for $63.70, with interest and costs, upon which judgment an execution went into the officer's hands, to be executed on the 17th of the following month. Afterwards, on the 25th of October of the same year, the appellees, J. & E. Mahoney, recovered a judgment against the same defendants, in the corporation court of Norfolk, for $262.78, with interest and costs, upon which judgment an execution went into the officer's hands, to be executed on the 28th of the same month. Both of these executions were duly returned, "No effects."

On the 17th of June, 1890, Todd & Co. filed their petition in the present suit, alleging the recovery of their judgment and the return of the execution, and praying that the same be enforced as a lien on the property in the hands of the receiver. And on the 26th of January, 1891, J. & E. Mahoney filed a similar petition.

On the 21st of July, 1891, a decree was entered, adjudging the deed to Johnson fraudulent and void, as charged in the bill and petitions above mentioned, and referring the cause to a commissioner for an account to be taken.

On the 11th of August, 1891, C. B. Beale, John Turner, trustee, and A. G. Tebault filed their petitions, respectively, in the clerk's office, alleging that they were creditors of the late firm of Bonney & Malborn, and praying that their claims be paid out of the fund under the control of the court; and on the same day they each left with the clerk of the corporation court of Norfolk a memorandum, setting forth the title and general object of the cause, the court in which it was pending, the amount of their claims, respectively, a description of the property, and the name of the person to whom it belonged, and stating further that the property had been sold, and that the proceeds were then under the control of the court; all of which memoranda were duly recorded.

When the cause came on to be heard, on the 20th of June, 1892, the circuit court, in passing on sundry exceptions to the commissioner's report, held, among other things, first, that the appellees, Todd & Co. and J. & E. Mahoney, acquired valid liens on the property in the hands of the receiver by virtue of the executions above mentioned; and, secondly, that the appellees, Beale, Turner, and Tebault, acquired superior liens to that of the appellants, because they filed and had recorded their memoranda in the clerk's office of the corporation court, pursuant to the statute in such case made and provided, before the appellants left theirs with the clerk of

the said court to be recorded, which was not until the 22d of ·
August, 1891, more than a year after the suit was brought.

The appellants contend that, according to the doctrine of
*Wallace* v. *Treakle,* 27 Gratt. 479, they acquired a lien on
the property upon the filing of the bill. But since that case
was decided the statute has been amended. Section 2460 of
the Code, after providing that a creditor at large who suc-
cessfully sues to set aside a deed conveying property in fraud
of creditors shall have a lien on the property from the time
the suit is brought, and that a petitioning creditor, who comes
into the suit, shall have a like lien from the filing of his peti-
tion, adds an important qualification, in these words :

" But such lien shall not be valid against creditors and pur-
chasers for valuable consideration, without notice, until and
except from the time a memorandum, setting forth the title of
the cause, the general object thereof, the court wherein it is
pending, a description of the property, and the name of the
person whose estate is intended to be affected thereby, shall
be left with the clerk of the court of the county or corpora-
tion wherein the property is, who shall forthwith record the
said memorandum in the deed-book, and index the same in
the name of the person aforesaid."

This section has recently been amended and re-enacted, but
only to the extent of allowing the petitioning creditor to file
his petition either in the court or in *the clerk's office* of the
court in which the suit is brought, and by providing that the
memorandum left with the clerk shall also set forth *the
amount* of the claim asserted by the complainant or petitioner.
Acts 1889–'90, p. 73.

The amendatory act says the memorandum shall be left
with " the clerk of the county or corporation." But this was
an inadvertence, as there is no such officer known to our law.
It was evidently the intention of the legislature not to alter,
but to re-enact, the provision of the Code in this particular,

and we must, therefore, according to a well-settled rule of construction, to avoid an absurdity, give effect to that intention. In other words, the act must be construed to mean, as the Code provides, that the memorandum shall be left with the clerk *of the court* of the county or corporation. *Holy Trinity Church* v. *United States*, 143 U. S. 457; *Bolling* v. *Bolling*, 88 Va. 524.

This being so, the doctrine of *Wallace* v. *Treakle* has been materially qualified; so that, now, a creditor at large, who brings a suit like the present, acquires a lien as against creditors and purchasers for valuable consideration without notice, not by filing the bill, but upon leaving with the clerk of the proper court such a memorandum as the statute requires, and which the clerk must forthwith record and index.

The appellants, however, contend that the statute, so far as creditors are concerned, includes only creditors without notice; but this is not the true construction of the statute. The word " creditors " is here used in the same sense in which it is used in the statute of fraudulent conveyances and in the registry acts—that is to say, it includes all creditors, whether with or without notice. 2 Min. Insts., marg. p. 872; *Guerrant* v. *Anderson*, 4 Rand. 208. The appellants, therefore, having omitted to comply with the statute in respect to leaving the requisite memorandum with the clerk of the corporation court until after other creditors had done so, were rightly postponed to those creditors.

Nor was there error in postponing the claim of the appellants to those of the execution creditors above mentioned. The bill charges that the deed assailed is fraudulent and void, and that the property conveyed is, therefore, subject to the claims of partnership creditors; and this view was sustained by the circuit court. The effect of this was to hold that no title passed by the deed as against creditors of the firm, or, in other words, that, so far as the creditors were concerned, the

property, which was personalty, continued to be the property of the firm. Nor was the title to it affected by the appointment and qualification of the receiver. As was said in *Harman* v. *McMullin*, 85 Va. 187, "the appointment of a receiver determines no right as between the parties, nor does it affect the title to the property in any way." A receiver is appointed merely for the preservation of the property or fund during the litigation, "and in the mean time the court proceeds to determine the rights of the parties upon the same principles it would if no change of possession had taken place." *Fosdick* v. *Schall*, 99 U. S. 235, 251.

Of course while the property is in the hands of a receiver, or under the control of the court, no execution can be levied upon it, for that would be to interfere with the possession of the court. But under our statute the lien of a *fi. fa.* extends to all the personal estate of the judgment debtor, whether capable of being levied on or not, with certain exceptions not material to the present case. Code, sec. 3601. These are the only exceptions the legislature has seen fit to make, and for the courts to add another would be to assume legislative authority.

Accordingly, it was held in *Frayser* v. *R. & A. R. R. Co.*, 81 Va. 388, that the lien of the execution there in question extended to certain monies of the judgment debtor, under the control of the court, after receivers had been appointed. It is true the receivers had not qualified when the execution went into the officer's hands to be executed; but that was an immaterial circumstance, so far as the extent of the lien was concerned, as the qualification of a receiver does not affect the control of the court over the property which goes into his possession, he being merely the hand of the court. In other words, the receiver's possession is the possession of the court appointing him. *Beverly* v. *Brooke*, 4 Gratt. 187, 211 ; *Harman* v. *McMullin*, 85 Va. 187.

Another point made by the appellants is that no lien superior to their claim could be acquired by any proceeding subsequent to the decree of July 21, 1891, annulling the deed. This objection is sufficiently answered by what has already been said. Besides, it is well settled that in a creditor's suit the court will let in creditors at any time while the fund is in court. In *Angell* v. *Hadden*, 1 Madd. Ch. Rep. 529, in which case there was a deficiency of assets, a creditor was allowed to come in after the fund had been apportioned, on condition, however, of his paying the costs of the motion and of re-apportioning the fund. See also 1 Bart. Ch. Pr. 340 ; *Wallace* v. *Treakle, supra.*

It is also insisted in the petition for appeal that there was no proof before the commissioner of the claims of the appellees, Beale, Turner, and Tebault, which claims were reported as having been " filed " before the commissioner. There was no contest, however, in the court below as to their validity, but only as to their priorities, and it is too late now for the appellants to question their validity in the appellate court.

Lastly, there was no error in not entering a decree for the appellants' debt in the form of *a judgment,* as they insist ought to have been done. The statute itself, upon compliance with its requisitions, gives a creditor at large, who brings, or comes into, a suit like the present, a lien on the property fraudulently transferred, but does not extend the lien to any other estate of the debtor. Hence, when, as in the present case, the property has been brought under the control of the court for the benefit of creditors, all the relief has been obtained which is contemplated by the statute.

DECREE AFFIRMED.