LOTH *v.* LOTH

EQUITY PRACTICE—BILL OF REVIEW—AFFIDAVITS—ADMISSIBILITY.
On the hearing of a petition for leave to file a bill of review, affidavits may be received denying the averments of the petition.

Appeal from Marquette; Stone, J. Submitted April 7, 1898. Decided April 19, 1898.

Bill by Katherine Loth against Alvina L. Loth to foreclose a mortgage. Decree for complainant. Defendant appeals from the denial of her petition for leave to file a bill of review. Affirmed.

*F. H. Peters*, for appellant.

*Hayden & Young*, for complainant.

MOORE, J. June 3, 1896, complainant filed a bill for the purpose of foreclosing a mortgage given by defendant. June 12th the subpœna was served personally upon the defendant. She appeared by her solicitor, who was served with a copy of the bill of complaint, July 8, 1896. No answer was filed, and in December defendant's default was taken. In March, 1897, a decree was entered for complainant. In June, 1897, the property was advertised for sale. Before the sale occurred, defendant filed a petition for leave to file a bill of review, and the sale was postponed until in September. Upon the hearing of the petition of defendant, complainant was allowed to file affidavits denying the allegations of the petition. Upon the hearing the judge denied the petition. If the affidavits were to be considered at all, they were a complete refutation to the statements contained in the petition, and it was properly denied.

It is claimed the judge erred in receiving these affidavits, and that he was bound to accept the petition as true, and that the petition contained sufficient to entitle defendant to file a bill of review.   The solicitor has not called our attention to any authority in support of his contention. In *Day* v. *Cole*, 65 Mich. 154, an answer was filed to the petition, and it was said by the court: "We ought not to grant the prayer of this petition without we have some reason to believe that the charges and facts therein alleged can be sustained by competent proof." We understand the rule to be well settled that, on the hearing of such a petition, affidavits may be admitted to explain the nature of the evidence.   Jenn. Ch. Prac. 372; Puterb. Mich. Ch. (3d Ed.) 238; 2 Barb. Ch. Prac. (2d Ed.) 424.   We think the trial judge, in the exercise of his discretion, very properly denied the petition.

The decree is affirmed, with costs.

The other Justices concurred.