MUNICIPAL SIGNAL CO. v. NATIONAL ELECTRICAL MFG. CO.

(Circuit Court, D. Connecticut. January 19, 1900.)

PATENTS—SUITS FOR INFRINGEMENT—REHEARING.

A defendant in a suit for infringement is not entitled to a rehearing on the ground of newly-discovered evidence, where the existence of such evidence was disclosed by the file wrappers of the patents in suit.

On Motion for Rehearing. For former opinion, see 97 Fed. 810.

TOWNSEND, District Judge. Counsel for defendant has moved to reopen this case and introduce certain new evidence, comprising the file wrappers of the patents in suit, and of a certain abandoned application, and further testimony thereon. The ground on which this motion is based is a statement in a footnote of the replying brief of the counsel for the complainant, which was as follows:

"Applications for patents 687 and 686 were filed on the same day; application for patent 688, one week later. Application for 686 went through the patent office as 'Case B,' and that for 688 as 'Case C.' This would have appeared in the record, had defendant introduced evidence on which to ground its contention with respect to the relation between the patents in question."

.This statement covered matter outside the record, and was not considered by the court in the disposition of the case. The only allegation in the motion of prior want of knowledge and due diligence is· that the existence of said abandoned application was not known to defendant's counsel previous to the argument, and the file wrapper and contents thereof "could not, with reasonable diligence, have·been presented to the court by defendant's counsel at the argument of this case." Counsel for defendant claims that the statements in said footnote put him on inquiry as to the existence of said abandoned application, and that the file wrappers of the patents in suit and further expert testimony are essential in order to explain said abandoned application. It appears, however, that, if the file wrappers of the patents in suit had been examined, they would' have disclosed the facts alleged in said footnote. Counsel for defendant does not allege that he was ignorant of said file wrappers. The motion is therefore denied.

Counsel for defendant states that his rights on appeal are liable to be prejudiced by the following statement in the opinion of the court:

"The first claim need not be considered, because defendant's counsel admits that he does not wish to have the case disposed of on this technical point; because, if necessary, the defect may be remedied by joining the owner of the naked title to the patent, and because it sufficiently appears from the evidence that the defendant corporation has, since the acquisition of 'title to these patents by the complainant, maintained the apparatus alleged to infringe, through its employés, and that it threatens, by its circulars, to construct other similar apparatus in other cities."

Counsel for defendant in his reply brief did discuss said contention, which he had abandoned on the argument, and therefore is not to be deemed to have abandoned it on appeal.