SUHOR et al. v. GOOCH.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1918.)

No. 1514.

1. APPEAL AND ERROR ⟪1202—BILL OF REVIEW—LEAVE TO FILE BILL.
    After a decree of a District Court has been affirmed or reversed by the appellate court, the question whether a party should be allowed to file a bill of review in the District Court must be passed upon by the appellate court.

2. EQUITY ⟪456—BILL OF REVIEW—LEAVE TO FILE BILL.
    Leave to file a bill of review in an equity case on the ground of after-discovered evidence must have the same support as a motion for new trial on the same ground in a law case, and counter affidavits may be filed in the appellate court.

3. EQUITY ⟪447(1)—BILL OF REVIEW—LEAVE TO FILE BILL—GROUNDS.
    The recognized condition of leave to file a bill of review is that the appellate court must be convinced (1) that the alleged newly discovered evidence would probably lead to a different result and (2) that due diligence was used to discover it before the trial.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond; Jeter C. Pritchard, Judge.

Suit in equity by Margaret Corwin Radcliffe Gooch against Annie Wayne Suhor and George Suhor, her husband, the Old Dominion Trust Company, as trustee; the Old Dominion Trust Company, as curator of the estate of W. H. Gooch, deceased, and the Old Dominion Trust Company. Decree for complainant, which on appeal of defendants was reversed. 244 Fed. 361, 156 C. C. A. 647. On petition for leave to file bill of review. Denied.

Edward P. Buford, of Lawrenceville, Va. (Marshall R. Peterson, of Lawrenceville, Va., C. T. Baskervill, of Boydton, Va., and S. E. Williams, of Lexington, N. C., on the brief), for the motion.

S. S. P. Patteson and H. M. Smith, Jr., both of Richmond, Va. (Robert E. Henley, of Richmond, Va., on the brief), opposed.

Before KNAPP and WOODS, Circuit Judges, and CONNOR, District Judge.

WOODS, Circuit Judge. Immediately before the marriage of W. H. Gooch and Margaret C. Radcliffe on October 14, 1915, an antenuptial contract was executed by which Gooch promised in consideration of marriage that he would pay, or cause or provide to be paid one year after his death, to the Old Dominion Trust Company $50,000 in trust to pay the interest to his wife, Margaret, for her life or widowhood, and upon her death or second marriage to pay the principal as directed by his will, and upon failure of testamentary disposition to his children or their issue. Gooch died shortly afterwards from a pistol shot supposed to have been self-inflicted. On January 24, 1916, his widow instituted this suit against Gooch's daughter, Mrs. Suhor, and her husband, and the Old Dominion Trust Company, to have the antenuptial contract annulled on the ground that Gooch obtained her

signature to it by imposition and fraud. The District Court in a formal decree held that the allegations of the bill were sustained by the evidence and set aside the settlement as fraudulent. On the 6th day of July, 1917, this court filed a decree reversing the judgment of the District Court and dismissing the bill. 244 Fed. 361, 156 C. C. A. 647. Thereafter the appellee by her counsel moved that this court so modify its decree as not to prejudice the rights of the appellee "to file in the District Court an amended and supplemental bill in the nature of a bill of review on the ground of after-discovered evidence, and to grant leave to the District Court in its discretion to allow the appellee to file said bill of review and to prosecute the same to final decree in said court." Afterwards argument was heard upon the right of the appellee to such an order without the support of affidavits setting forth the alleged newly discovered evidence and the reasons for the failure to offer it at the trial. The court held that the motion should not be disposed of without a showing by affidavits or otherwise tending to convince the court of the propriety of granting the motion. Thereafter affidavits in support of the petition were filed and the court allowed counter affidavits to be filed by appellant.

[1] The question whether the petitioner should be allowed to file a bill of review in the District Court must be passed upon by this court. Southard v. Russell, 57 U. S. 547, 14 L. Ed. 1052; United States v. Knight, 66 U. S. (1 Black) 488, 17 L. Ed. 80; Rubber Co. v. Goodyear, 9 Wall. 805, 19 L. Ed. 828; Kissinger Iron Co. v. Bedford, 123 Fed. 91, 59 C. C. A. 221; Angle v. United States, 162 Fed. 264, 89 C. C. A. 244.

[2] Leave to file a bill of review in an equity case on the ground of after-discovered evidence must have the same support as a motion for a new trial on the same ground in a law case. Talbott v. Todd, 5 Dana (Ky.) 196. Counter affidavits may be filed in the appellate court denying the allegations of the petition and the moving affidavits. Blandy v. Griffith, 3 Fed. Cas. No. 1530; Dexter v. Dexter, 7 Fed. Cas. No. 3860; Loth v. Loth, 116 Mich. 634, 74 N. W. 1046.

[3] The recognized condition of the leave to file a bill of review is that the appellate court must be convinced (1) that the alleged newly discovered evidence would probably lead to a different result, and (2) that due diligence was used to discover it before the trial. Rubber Co. v. Goodyear, supra; Angle v. United States, supra (4th Cir.); Society of Shakers v. Watson, 77 Fed. 512, 23 C. C. A. 263; Jourolman v. Ewing, 85 Fed. 103, 29 C. C. A. 41; Tufting Machine Co. v. Buser, 158 Fed. 83, 85 C. C. A. 413, 14 Ann. Cas. 192; 2 Daniell, Eq. Pr. 1577; 2 Foster's Fed. Pr. 1408; Hatcher v. Hatcher, 80 Va. 169; Quick v. Lilly, 3 N. J. Eq. 255; Simpson v. Watts, 6 Rich. Eq. (S. C.) 364, 62 Am. Dec. 392.

The affidavits and additional letters offered are directed first to the desire of Gooch to marry Miss Radcliffe. This appeared clearly in the original trial. The opinion of this court to the effect that Gooch was reluctant to enter into the marriage because of his fear of complications growing out of his past life and anxiety as to the success of the venture did not negative his desire to marry Miss Radcliffe. Evi-

dently his reluctance and anxiety were overcome by his desire to marry the complainant. The letters now presented from Gooch to Mrs. Radcliffe express affection for her daughter and his desire to marry her, and apprehension of unpleasant action from Miss Dickerson. In one of these letters Gooch also states that he was not worth half so much as people thought he was. These letters were in the possession of Mrs. Radcliffe along with several others which were in evidence at the first trial. The least degree of diligence would have enabled the plaintiff to introduce those which are now presented.

It is next claimed that the plaintiff's counsel were taken by surprise by the testimony of Mr. Patteson to the effect that Miss Radcliffe said before the marriage that she had seen a copy of the marriage contract and knew all about it, and that hence they did not have present the witnesses whose testimony they now offer who could have disputed this statement. The plaintiff had every reason to anticipate that the defendant would try to show in every possible way that the contract was fairly executed, and she was therefore put on notice to have in attendance on the court all the witnesses who were present when the contract was made. Besides, the absent witnesses were within a night of Richmond by railroad, and due diligence required that the showing of surprise should have been made to the District Court during the trial. Had it been made, there is no reason to doubt that the plaintiff would have been allowed time to produce the witnesses.

The testimony of the clergyman, Mr. Hamrick, who officiated at the marriage, is not necessarily in conflict with that of Mr. Patteson. He was a well-known minister of the gospel, and no sufficient reason has been shown why the plaintiff could not have ascertained where he was and had him present at the trial.

Plaintiff relies with much apparent earnestness upon allegations made by Mrs. Lucy A. Gooch, the divorced wife of W. H. Gooch, in an action brought by her since the decision of this case in the District Court. In 1910 Mrs. Lucy A. Gooch obtained a divorce from W. H. Gooch and agreed to accept as alimony income for her life on $36,000. In September, 1916, she filed her bill in the circuit court of Mecklenburg county, Va., alleging among other things that W. H. Gooch had obtained from her settlement of her claim for alimony for much less than her due by fraudulently transferring his property and falsely representing its value. The method of perpetrating this alleged fraud was set out in full in her bill. The state circuit court sustained the demurrer of Mrs. Margaret C. Gooch, the last wife, to this bill and the cause is now on appeal in the Supreme Court of Appeals of Virginia. The complainant, Margaret C. Gooch, now alleges that she was not aware of the facts constituting the alleged fraud on Gooch's first wife at the time of the trial, and therefore could not avail herself of this evidence of Gooch's dishonesty and concealment.

To say the least, there is grave doubt whether the facts alleged to have constituted a fraud in the settlement of the first wife would have been competent evidence of fraudulent concealment in the contract with the second wife. But, waiving that, the settlement with the first wife was well known to the complainant before the trial, for Gooch's

marital troubles were matters of public notoriety after his suicide. There was nothing whatever to prevent the complainant from inquiring into the fairness of the settlement with Mrs. Lucy A. Gooch. So far as it appears here, all the facts alleged by Mrs. Lucy A. Gooch tending to show fraudulent imposition upon her would have been elicited by inquiry and examination of public records.

The alleged newly discovered evidence does not warrant the court in reopening and commencing over this long and expensive litigation. All of this evidence would have been made available by due diligence at the first trial; but, considering the case as if it were all before the court, we do not think it should have the effect of changing the result. Re-examination of the evidence taken at the trial in connection with the alleged newly discovered evidence confirms the court in its conviction that the marriage settlement was on the part of W. H. Gooch ungenerous, but not fraudulent.

Mrs. Gooch accepted it with the natural expectation of large liberality to her after the marriage. Disappointment in this expectation by the suicide of Gooch was a strong reason why Mrs. Suhor should relieve the young wife of her father at least from the limitation of the settlement for life or widowhood. But courts cannot relieve against the failure of a mere expectation unsupported by a promise.

Motion denied.