## CHARLESTON.

E. A. GROVER v. MURRAY LUMBER CO.

Submitted January 11, 1922. Decided January 17, 1922.

CORPORATIONS—*A General Creditor Made a Defendant to Another General Creditor's Bill to Wind up Affairs Held to Occupy the Position of Plaintiff and Not That of Defendant Entitled to Demur Thereto.*

A general creditor made a defendant to a bill of another general creditor to sequester the property of a corporation and to wind up its affairs and pay its debts, and who is in no way obstructed thereby in the prosecution of a suit against his debtor and to obtain a judgment and execution lien on the debtor's property, occupies the position of plaintiff and not that of defendant entitling him to demur to the bill.

90 W. Va.

Certified from Circuit Court, Barbour County.

Action by E. A. Grover against the Murray Lumber Company, in which J. W. Criss, a general creditor of the defendant company, was made a party and demurred to the bill. The demurrer was overruled, and question certified.

*Order overruling demurrer affirmed.*

*Talbott & Hoover,* for plaintiff.
*Wm. T. George,* for J. W. Criss.


MILLER, JUDGE:

The circuit court has certified to us certain questions presented below by the demurrer to the bill by J. W. Criss, made a party thereto as a general creditor of the defendant company. The plaintiff Grover is also a general creditor. The object of the bill was upon the grounds alleged to sequester by the agency of a special receiver of the property of the defendant company, alleged to be insolvent, and to preserve the same for the benefit of plaintiff and all other creditors, with whose debts the bill seeks to charge the same.

The grounds of demurrer interposed by demurrant in effect and substance were: (1) that the bill does not allege plaintiff to be a lien creditor of the defendant company; (2) that it is not alleged that plaintiff's debt is due and that right of action has accrued to him thereon; (3) that no note, contract or other evidence of indebtedness is alleged or exhibited with the bill showing that defendant company is in fact indebted to him; (4) that it is not alleged that the defendant company or its officers or agents are incompetent to manage the business of the corporation; (5) that it is not alleged the defendant corporation has made any transfer or conveyance of any of its property or assets with intent to prefer or defraud its creditors; (6) that the bill contains no allegation sufficient to give a court of equity jurisdiction to grant the relief prayed for; and for other reasons appearing on the face of the bill.

The court was of opinion to, and did overrule the demurrer. The question of first importance suggested in the certificate

of the circuit judge is whether demurrant is in a position to raise the question suggested by his grounds of demurrer. The suit is a general creditor's suit, brought for his benefit as such as well as that of the plaintiff and other creditors. His position on the record is that of plaintiff rather than that of defendant, and the suit not being one to set aside a conveyance as fraudulent or to declare an unlawful preference in his favor and convert it into a general assignment for the benefit of all creditors, he is not prejudiced or stayed, but may proceed without hindrance to sue and obtain judgment and execution lien on his debtor's property, if he so elects. Code, chapter 74, sections 1 and 2; *Davis* v. *Bonney*, (Va.), 17 S. E. 229; *Birch River Boom & Lumber Company* v. *Glendon Boom & Lumber Company*, 71 W. Va. 507, 514; *Park* v. *McCauley*, 67 W. Va. 104; *Billmyer Lumber Company* v. *Merchant's Coal Company*, 66 W. Va. 696, point 7 of the syllabus. Wherefore we are of opinion that the demurrant has no rights or interests appearing upon the face of the bill entitling him to interpose a demurrer thereto.

Our conclusion is to approve and affirm the ruling of the circuit court overruling the demurrer, and it will be so certified.

*Order overruling demurrer affirmed.*