## GLADE v. ALLIED ELECTRIC PRODUCTS, Inc.

### No. 8114.

Circuit Court of Appeals, Seventh Circuit.

May 21, 1943.

Foorman L. Mueller, of Chicago, Ill., for appellant.

Geo. Bayard Jones, of Chicago, Ill. (George A. Chritton and Russell Wiles, both of Chicago, Ill., of counsel), for appellee.

Before EVANS, SPARKS, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from an order denying leave to defendant to file a bill of review

based upon newly discovered evidence. By this bill defendant sought to vacate the interlocutory decree, entered by the District Court and affirmed by us (Glade v. Walgreen Co., 122 F.2d 306), which held Martin Patent No. 2,115,642 valid and infringed and directed an accounting. Plaintiff-appellee is the assignee of the Martin patent.

The basis for the bill of review is the alleged fraudulent conduct of plaintiff-appellee during 1934 in procuring perjured testimony in an interference proceeding in the Patent Office while application for the Martin patent was being made. This conduct, it is contended, resulted in an improper award of priority to Martin, thus vitiating the grant. Appellant's counsel produced affidavits made in January, 1942, by the patentee, Martin, and by one Pasco and one Welshymer, who had worked with Martin at the time the invention was made; they stated that appellee had procured false testimony from them at the time of the interference proceeding. These affidavits showed that all three had perjured themselves in giving facts material to the issue of priority, and it is on them that appellant grounds its right to re-open the suit. Further, the bill of review sets up newly discovered prior art which appellant asserts invalidates the Martin patent.

■ On February 13, 1942, appellant filed in this court a petition "for permission to make application to the District Court for leave to file a bill of review." An order granting leave "to file a bill of review in the District Court * * * without prejudice to any action which the Court may take upon application to it for whatever relief is there sought" was entered on March 24, 1942. While appellant now contends that this order granted it the right to file the bill as distinguished from the right to make application to the District Court for leave to file it, the District Court correctly ruled that our order was intended only to give appellant permission to present the proposed re-opening to the trial tribunal. Although filed by inadvertence and mistake on April 9, 1942, the District Court in the hearing held April 13, 1942, set aside its order approving the filing of the bill of review, and proceeded on the basis that defendant was requesting *leave* of the court to file a bill of review. There are at least three reasons why appellant should not now hope to have us place a different interpretation on our order of March 24. First, the order itself read in such manner as to give the District Court the greatest freedom. Second, a court presumably grants no more than a petitioner requests. Third, appellant filed a motion for leave to file a petition for interpretation of our March order together with such a petition subsequent to the District Court's ruling, and since we denied the motion for leave to file this petition after considering it fully, it should have been abundantly clear to appellant that we did not intend an interpretation different from that placed upon it by the District Court.

■ Since it is well settled that the granting of a bill of review lies within the discretion of the trial court, Providence Rubber Co. v. Goodyear, 9 Wall. 805, 19 L.Ed. 828; Ricker v. Powell, 100 U.S. 104, 25 L.Ed. 527; Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719; Bayer v. Rice, 64 App.D.C. 107, 75 F.2d 238; Hagerott v. Adams, 8 Cir., 70 F.2d 352, we have only to ascertain whether there was an abuse of such discretion here.

■ It is clear from the record that the trial judge carefully considered the proposed re-opening of the case before he refused the appellant leave to file the bill. As against the affidavits produced by defendant, plaintiff's counsel brought affidavits, including those of plaintiff and his father, which contradicted defendant's present claim as to the date of invention. The Glades had been present at the trial before the same court, and each had testified as a witness so that the trial court had an excellent opportunity to form an opinion as to their credibility. As between the two sets of rival affidavits which conflicted with each other, the consistent testimony of the Glades was accepted as true as against testimony of admitted perjurers. In further justification of the court's position is the fact that when Martin had sworn to his preliminary statements and had testified in the Patent Office interference, the facts were fresh in his mind. It was not until seven years later, nearly four years after he had been discharged by appellee because he was an unsatisfactory employee, that he made an affidavit that he had perjured himself in the Patent Office proceedings. And the two other perjurers were admittedly friends of Martin who had testified in the former proceeding only because they wanted to help him out. It certainly cannot be said as a matter of law

that a new trial ought to be granted whenever an affidavit is made that testimony used against the losing party at the trial or in a related proceeding was perjured, for the mischief of endless litigation would far outweigh any advantage which would be gained thereby. Raymond v. Wickersham, 129 F.2d 522, 29 C.C.P.A., Patents, 1166. And testimony of self-confessed perjurers is naturally regarded with suspicion and distrust. Since it is entirely possible, then, that plaintiff's testimony was more convincing and reliable than defendant's and that the perjurers' earlier statements were true while the later ones were false, we cannot say that the court abused its discretion by choosing to believe plaintiff's testimony as to the date of invention.

Even if the later date now asserted to be the correct date of invention by the perjurers is accepted as the true one, Martin's patent would still be valid because that date is earlier than the earliest date claimed for his rival in the interference proceeding. Moreover, some of the patents now put forward by appellant, such as the Hudson patent, are definitely not newly discovered evidence; they have been in the record for many years. And where evidence was in the file wrapper of the patent or was readily accessible to the losing party and was overlooked, it is not such newly discovered evidence as to justify re-opening the case. Moneyweight Scale Co. v. Toledo Computing Scale Co., 7 Cir., 199 F. 905; Obear-Nester Co. v. Hartford-Empire Co., 8 Cir., 61 F.2d 31; Municipal Signal Co. v. National Electric Mfg. Co., C.C., 99 F. 569. Finally, the other patents urged do not in fact amount to anticipatory prior art. This was the conclusion of the trial court, and a study of the record and exhibits submitted to this court leads us to the same conclusion.

Since it is a fundamental principle, so familiar and well established as to need no citation of authority, that a case should not be re-opened unless the newly discovered evidence would probably produce a different result, and since this condition is not satisfied here, we find it unnecessary to consider whether appellant exercised due diligence in locating Martin and thus obtaining the evidence on which it sought a re-opening of the case.

Because there was no abuse of discretion, the order of the District Court is affirmed.