## CIRCUIT COURT OF WARREN COUNTY

Lee et al.

v.

Front Royal-Riverton
Improvement Co. et al.

November 29, 1984

Case No. (Chancery) 4181

By JUDGE ROBERT K. WOLTZ

This suit seeks to quiet title to property which complainant claims to own. The suit is contested by the special receiver of the corporate defendant who asserts that title remains in the corporation, that the property is in *custodia legis*, as a consequence of which no adverse possession against the corporation will run in favor of the complainant, thereby frustrating the quieting of title.

Though there has been no evidentiary hearing, from the pleadings and uncontested statements in the memoranda of counsel it appears that the subject matter was titled in the name of the defendant corporation; that there is no recorded deed from it to one W. O. Rust, but in 1890 Rust executed a deed of trust, which on its face is a purchase money deed of trust, on the property to secure two bonds payable to the corporation; that the corporation went into the hands of a receiver about six years later; that Rust died testate in 1933; that in 1950 the property purportedly passed by a tax deed as a result of delinquent taxes to one Millar, from whom it passed by conveyances to the complainant; that since

purportedly passing to Millar by virtue of the tax deed the property up to the present has been held adversely unless title is still vested in the company for which the defendant is receiver.

The defense of the special receiver that adverse possession cannot run against the corporation while in receivership does not, in the opinion of the Court, have to be addressed. The basis for this is that the corporation is estopped to assert any title to the property and hence the running or not of the fifteen-year statute of limitations on making entry on or bringing action to recover land, Code Section 8.01-236, is irrelevant respecting that defendant.

The deed of trust referred to recites that Rust "has purchased from the Front Royal and Riverton Improvement Company [a certain lot by lot and block number on a recorded plat of the company]." It further provides "For the deferred payments on said real estate, said party of the first part has executed two bonds of even date herewith for $575.00 each, payable to the Front Royal and Riverton Improvement Company, with interest from date respectively." Then in consideration of the premises Rust conveys the property to a trustee upon certain trusts and conditions. No further land record appears with respect to the subject property until the tax deed mentioned above to Millar, the complainant's predecessor in title.

While as asserted by the special receiver title to property of an entity in receivership does not pass to the receiver, *Loudoun National Bank* v. *Continental Trust Company*, 164 Va. 536 (1935), and the title is in no way affected as the receiver is appointed merely to preserve the property during the receivership litigation, *Davis* v. *Bonney*, 89 Va. 755, 760 (1893), if the company is estopped to assert title, so is its receiver, who merely stands in the former's shoes and so can assert no greater rights than the company could. 65 Am. Jur. 2d "Receivers," Section 160. If the company is so situated as to be unable to deny title in the presumed purchaser (Rust) and his successors in interest, neither can the special receiver.

This is not a case of estoppel by deed because no deed of record or any other presently known instrument of the company to Rust is to be found. Consequently there are no deed terms which the company is estopped to deny.

Nevertheless, presuming an unrecorded deed from the company to Rust, while it is void as to purchasers for value without notice and as to lien creditors, Code Section 55-96, it is good or valid between the parties to it. *See Anno. V. A.* to that section; *compare Chavis* v. *Gibb*, 198 Va. 379 (1956). The estoppel is one *in pais* though somewhat anomalously it derives in major part if not entirely from a recorded instrument, the 1890 deed of trust given by Rust for it was not executed or acknowledged by the company so to give rise to an estoppel by deed.

A purchase money mortgage, or deed of trust, is one "given, concurrently with a conveyance of land, by the vendee to the vendor, on the same land, to secure the unpaid balance of the purchase price." *Black's Law Dictionary* 3d ed. The deed of trust in question by its terms is undeniably a purchase money deed of trust. Where a purchase money deed of trust is involved, the deed of bargain and sale and the deed of trust are considered parts of one transaction. *Holland Jones Co.* v. *Smith*, 152 Va. 707 (1929).

In the Court's view, where a purchase money deed of trust has been executed, delivered and recorded it is presumed that there was a correlative deed of bargain and sale from the person secured by the deed of trust to the grantor in the deed of trust, at least when the latter instrument recites a conveyance from trust beneficiary to trust grantor. A presumption arising that there was such a deed, the fact it was for whatever reason not recorded or has been lost is of no moment in the case at bar.

The presumption that such a deed of bargain and sale from the company as vendor to Rust as the vendee arising, it is unavoidable that a presumption also arises that the company circa 1890 divested itself of title through a conveyance to Rust. As a result, the company on these presumptions is estopped to deny title in Rust in 1890, estoppel being applicable to corporations as well as individuals. *Moyers Coal Corp.* v. *Whited*, 157 Va. 302 (1931). It follows that the special receiver of the company whose predecessors became such after the presumed divestiture of title by the company in favor of Rust is estopped to the same extent as the company is.

This decision is based on the above presumptions establishing the estoppel stated with respect to the

property mentioned in the 1890 deed of trust of Rust. Being a presumption only the special receiver is not foreclosed from introducing evidence to overcome the presumption and hence the estoppel *in pais*. The present result having been reached, future proceedings in the matter will not necessarily conform to those set out in the interlocutory order on proceedings had May 17, 1984.