NEWMAN, Circuit Judge,
dissenting.
This case puts judicial humanity to the test; the Federal Circuit and the Court of Appeals for Veterans Claims[1] fail the test.
Mr. Aldridge was six months late in filing a notice of appeal to the Veterans Court from a decision of the Board of Veterans Appeals. He explained the deaths of his mother, sister, and grandchild, all within four months. He explained his grief, his depression, and his focus on the needs of his family as well as the legal obligations he bore. He explained his role as caretaker for his elderly father, his emotional support for his daughter after the stillbirth of his grandchild, and his employment obligations. He explained that his attention to the needs of others overcame important matters in his own life, including the timely filing of this notice of appeal.
The Veterans Court (by split decision) concluded that the veteran was indeed capable of filing a timely notice of appeal, stating that there is “no support in the jurisprudence of either this Court, the U.S. Court of Appeals for the Federal Circuit, or the Supreme Court that would counsel the application of equitable tolling to the facts of this case as they have been presented.” Vet. Ct. Op. at 394. The Veterans Court held that equitable tolling is not available because Mr. Aldridge was not “rendered incapable of handling his affairs.” Id. at 393.
My colleagues on this panel agree, explaining that “Mr. Aldridge had failed to demonstrate that the deaths in his family ‘themselves directly or indirectly affected the timely filing of his appeal.’ ” Maj. Op. at 1266. That is not the correct standard. Equity requires not only justice and fairness, but a realistic and humane perspective on how the facts of life and death can affect human behavior. Equity is “flexible jurisdiction ... to protect all rights and do justice to all concerned.” Providence Rubber Co. v. Goodyear, 76 U.S. (9 Wall.) 805, 807, 19 L.Ed. 828 (1869).
Federal Circuit precedent has recognized that equitable tolling is available in “extraordinary circumstances,” and we have rejected the “suggestion that equitable tolling is limited to a small and closed set of factual patterns and that equitable tolling is precluded if a veteran’s case does not fall within those patterns.” Mapu v. Nicholson, 397 F.3d 1375, 1380 (Fed. Cir. 2005). In Sneed v. Shinseki, 737 F.3d 719 (Fed. Cir. 2013), the court stated that there are no “exclusive parameters of equitable tolling”), id. at 726, and held that “the Veterans Court’s analysis focused too narrowly on whether [the] case fell into one of the factual patterns of past cases considering § 7266(a),” id. at 724.
*1267 The pattern-seeking analysis that is here imposed against Mr. Aldridge is exactly the kind of “improperly narrow standard for equitable tolling” that was disclaimed in Sneed. Id. at 724. Yet the court now rejects this flexibility, instead stating that the “rule of law” controls whether to “establish equitable tolling.” Maj. Op. at 1264. Equity is not controlled by the rules of law. Equity includes not only what the law tells judges we may do, but is the “power to moderate and temper the written law, [subject] only to the law of nature and reason.” Samuel Johnson, Dictionary of the English Language (1756).
Although the time limit for appeal from the BVA to the Veterans Court is not “jurisdictional,” the VA argues that only incapacity of the veteran is an acceptable ground of equitable tolling. Precedent recognizes, but does not require, incapacity. The Court instructs that equity is adaptable to the circumstances:
[C]ourts of equity can and do draw upon decisions made in other similar cases for guidance. Such courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.
Holland v. Florida, 560 U.S. 631, 650, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Such “special treatment” must take account of all of the circumstances confronting the veteran, particularly in light of the statutory (as well as equitable) requirements of special consideration to veterans. It cannot be that because Mr. Aldridge was not hospitalized for his depression, or other manifestation of incapacity, equitable tolling is not available.
Consideration of the circumstances includes considering what is sought to be tolled, and the consequences of tolling in the particular case:
“[Equitable relief] is not a matter of right in either party; but is a matter of discretion in the Court; not of arbitrary or capricious discretion, dependent upon the mere pleasure of the Judge, but of that sound, and reasonable discretion, which governs itself, as far as it may, by general rules and principles; but at the same time, which withholds or grants relief, according to the circumstances of each particular case, when these rules and principles will not furnish any exact measure of justice between the parties.”
Joseph Story, Equity Jurisprudence § 742 (1st ed. 1836), The circumstances affecting Mr. Aldridge must be considered, along with the consequences to the government. It is relevant that no government or other entity was prejudiced by this delay in appeal from the BVA; no records were lost or destroyed; no witness departed; no military or civilian action prejudiced. There is no monetary consequence, no extra draw on governmental resources.
The government argues, and the panel majority agrees, that since equitable tolling depends on the particular facts, this court has no jurisdiction to review the denial, no matter how strong the draw on equity. However, “this court has jurisdiction to consider whether the Veterans Court employed an improperly narrow standard for equitable tolling under § 7266(a).” Sneed, 737 F.3d at 724. The court has also recognized that veterans are “vulnerable litigants” who are typically unrepresented by counsel. Dixon v. Shinseki, 741 F.3d 1367, 1376 (Fed. Cir. 2014). Mr. Aldridge was not represented by counsel at the BVA, for counsel would routinely have filed a timely notice of appeal.
This court has been assigned the responsibility for assuring that the legislative purpose of establishing a veteran-friendly regime is implemented. This case should never have come this far. On the *1268 undisputed circumstances that existed in this veteran’s family, the VA could readily have allowed the tardy appeal from the BVA to the Veterans Court. Instead, we see the government in uncompromising litigation to prevent this veteran from appealing the BVA decision on his percentage disability, straining precedent to its equivocal limits. What happened to the recognition that “the veterans benefit system is designed to award ‘entitlements to a special class of citizens, those who risked harm to serve and defend their country. This entire scheme is imbued with special beneficence from a grateful sovereign.’” Bailey v. West, 160 F.3d 1360, 1370 (Fed. Cir. 1998).
The question before the court is whether the circumstances excuse the untimely filing. Equity is no more confined to a few narrow categories than are humanity, reason, and justice. I respectfully dissent.

. Aldridge v. McDonald, 27 Vet.App. 392 (Vet. App. 2015) (“Vet. Ct. Op.”).